IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SALEM SELAH,

                                                    Civil Action No.
                        Plaintiff,                  9:09-CV-1363 (GLS/DEP)

        v.

BRIAN FISCHER, Commissioner; JUSTIN
TAYLOR, Superintendent; KAREN BELLAMY,
Director of DOCS Inmate Grievance Program; T.
KILLIAN, Senior Chaplain; MARK
LEONARD, Director of Ministerial and
Family Services; J. CARVER, Director
of DOCS Office of Classification and Movement;
and ABUNA EMANUAL FOXE, DOCS
Rastafarian Religious Advisor,

                        Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:                              OF COUNSEL:

SELAM SELAH, *Pro Se*
08-B-2266
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, NY 14411

FOR DEFENDANTS:

HON. ERIC SCHNEIDERMAN            MEGAN M. BROWN, ESQ.
Office of the Attorney General        Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Selam Selah, a seasoned *pro se* litigant, has commenced this action against the Commissioner of the New York State Department of Correctional Services ("DOCS") and six other DOCS employees pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights.[1]  In his complaint plaintiff asserts that the defendants have violated his rights to equal protection and free religious exercise, as well as the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.,* by denying him the opportunity to participate in congregate religious services and education, failing to permit him to celebrate holy days recognized by his religion, refusing to meet the dietary requirements of his religious beliefs, and failing to exempt him from having to work on Saturdays and Sundays.

Currently pending before the court are several motions, two of which

---

[1]     As of the time of commencement of this action plaintiff had filed three prior actions in this court alone, including *Selam v. Goord, et al.,* Civil Action No. 9:00-CV-0644 (TJM/RFT); *Selah v. Goord, et al.,* Civil Action No. 9:03-CV-0906 (TJM/DEP); and *Selah v. Fischer,* Civil Action No. 9:08-CV-1370 (FJS/DEP).

2

are addressed in this report.[2]  In the first, defendants seek dismissal of plaintiff's complaint, arguing that it is unduly prolix and rambling and fails to meet the governing pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure, and additionally arguing that they are entitled to dismissal of plaintiff's claims against them based on qualified immunity.  For his part, plaintiff has requested leave to amend his complaint based upon events occurring since commencement of the action.

For the reasons set forth below, while recognizing the difficulty facing the defendants in answering plaintiff's complaint, I nonetheless recommend that defendants' motion be denied.  Turning to plaintiff's motion, I will deny leave to amend, without prejudice to his right to submit a proper application for leave to amend accompanied by a proposed amended and/or supplemental complaint, fully integrated and calculated to supersede the existing complaint in this action.

I.      BACKGROUND

---

[2]      Other pending applications include a motion by the plaintiff for a preliminary injunction, Dkt. No. 5; a request for reconsideration of the denial of his application for class certification and for appointment of counsel, Dkt. No. 26; motions by five other inmates for leave to intervene as plaintiffs in the action, Dkt. Nos. 28-32; and a letter request for the entry of a declaratory judgment, Dkt. No. 42.  These additional motions will be addressed by the court in one or more separate decisions.

Plaintiff is a prison inmate entrusted to the custody of the DOCS. *See generally* Complaint (Dkt. No. 1).  At the times relevant to his claims plaintiff was incarcerated at the Gouverneur Correctional Facility ("Gouverneur"), located in Gouverneur, New York, although his complaint references other facilities and appears to address agency-wide DOCS policies and practices.  *Id.*

Plaintiff subscribes to the religious tenets of the Ethiopian Orthodox Christian faith.  Complaint (Dkt. No. 1) at p. 20.  He complains of the failure of prison officials to recognize and accommodate his religion by 1) failing to permit him to engage in congregate worship and study; 2) refusing to exempt him from work on Saturdays and Sundays; 3) failing to provide him with meals consistent with his religious beliefs which requires, *inter alia*, that he fast on Wednesdays and Fridays, and on those days that he eat kosher meals consisting of fish, poultry, nuts, fruits, vegetables, or pasta, and instead offering him the same kosher food given to Jewish inmates; 5) refusing to allow him to observe and commemorate seven specified major holy days and nine minor holy days; and 6) failing to accommodate the prayer schedule required by his religious beliefs.

II.    <u>PROCEDURAL HISTORY</u>

4

Plaintiff commenced this action on December 7, 2009.   Dkt. No. 1. In his complaint plaintiff names as defendants DOCS Commissioner Brian Fischer; Justin Taylor, the Superintendent at Gouverneur; Karen Bellamy, the Director of the DOCS Inmate Grievance Program; T. Killian, a Senior Chaplain at Gouverneur; Mark Leonard, the DOCS Director of Ministerial and Family Services; J. Carver, the DOCS Director of Office of Classification and Movement; and Abuna Foxe, a DOCS Rastafarian Religious Advisor.  It appears from plaintiff's complaint that he claims violation of his right to equal protection as well as the right to freely exercise his religion as guaranteed under both the First and Fourth Amendments and the RLUIPA.[3]  In his Complaint, plaintiff requests various forms of declaratory, injunctive, and monetary relief, including a directive that he be transferred to a DOCS prison facility in the Buffalo, New York vicinity where, it is alleged, there exists a higher concentration of Ethiopian and Egyptian Coptic Orthodox churches than in areas where other DOCS facilities are located.

---

[3]     In his complaint plaintiff purports to assert claims on behalf of himself and other similarly situated inmates.  His request for class certification, however, has been denied by the court.  *See* Memorandum-Decision and Order dated May 19, 2010 (Dkt. No. 9) at pp. 3-5.

Since inception of this action, which is still only in its formative procedural stages, plaintiff has tendered a host of filings seeking various relief from the court.  With the filing of his complaint Selah requested class certification, assignment of counsel to represent him in the action *pro bono*, preliminary injunctive relief, and *in forma pauperis* ("IFP") status.  By decision and order dated May 19, 2010, District Judge Gary L. Sharpe granted plaintiff's request for an IFP designation, denied his applications for class certification and assignment of counsel, and deferred a decision on the preliminary injunction motion until the defendants could respond to that application.  Dkt. No. 9.  On July 16, 2010, plaintiff sought reconsideration of that determination.  Dkt. No. 26.  In addition, on August 2, 2010, plaintiff filed with the court a seventeen-page document which, though vague in terms of its nature, appears to request declaratory relief.  Dkt. No. 42.  That document is further supported by an affidavit later submitted on August 11, 2010 by the plaintiff.  Dkt. No. 45.

In lieu of answering the plaintiff's complaint, on August 18, 2010, defendants filed a motion seeking its dismissal.  Dkt. No. 49.  In their motion defendants assert that plaintiff's complaint fails to meet the applicable pleading requirements of Rules 8 and 10 of the Federal Rules

of Civil Procedure and should be dismissed on that basis, and additionally

asserts their entitlement to qualified immunity from suit.  Although

plaintiff's time to respond to that motion was extended until February 4,

2011, he has filed nothing in opposition to the pending motion.[4]

On November 17, 2010, plaintiff submitted a letter to the court

requesting permission to file an amended complaint to address recent

occurrences at the Orleans Correctional Facility, where he is currently

incarcerated.[5]  Dkt. No. 57.  Defendants have not responded to plaintiff's

motion for leave to amend.

---

[4]     On February 11, 2011, one week after expiration of the deadline for
responding, plaintiff submitted a letter to the court requesting an extension of time to
oppose defendants' dismissal motion.  Dkt. No. 60.  By text order issued on that same
date plaintiff's request was denied.

By a filing received by the court on February 17, 2011 plaintiff expressed
confusion over the status of this matter and requested reconsideration of the decision
to deny an extension of time to respond to the instant motion.  Dkt. No. 62.  Plaintiff's
apparent confusion stems from conferences conducted by the court on November 22,
2010 and again on January 12, 2011 in an effort to resolve the matter.  In the latter
conference a discussion ensued regarding the prolixity of plaintiff's complaint, and he
was encouraged to discuss with defendants' counsel an arrangement whereby he
would agree to amend his complaint with the consent of defendants' counsel in return
for withdrawal of the present motion.  During that conference plaintiff was given until
February 4, 2007 to either strike that arrangement or respond in opposition to the
pending motion.  *See* Text Minute Entry Dated 1/12/11.  While plaintiff did
subsequently tender an amended complaint on February 11, 2011, it was stricken in
light of his failure to secure either a court order or defendants' consent to the filing of
that amended complaint.  *See* Dkt. No. 61 and Text Order dated 2/11/11.

[5]     That submission also requests permission to file yet another application
for a preliminary injunction and for assignment of counsel.  Dkt. No. 57.

Defendant's dismissal motion, which is dispositive in nature, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See* Fed. R. Civ. P. 72(b).  Plaintiff's motion for leave to amend, requesting non-dispositive relief, falls within the scope of my jurisdiction and will be dealt with accordingly.  *See* 28 U.S.C. § 636(b)(1)(A).

III.   DISCUSSION

A.   Sufficiency of Plaintiff's Complaint

In their motion defendants argue that plaintiff's complaint is excessively lengthy and fails to give proper notice of his claims against them.  Defendants therefore seek its dismissal, without prejudice.

1.   Governing Pleading Requirements Generally

The pleading requirements applicable to plaintiff's complaint are contained principally in Rules 8 and 10 of the Federal Rules of Civil Procedure.[6]  Rule 8, which sets forth the general pleading requirements

---

[6]   Those rules provide, in pertinent part, as follows:

**Rule 8(a).  General Rules of Pleading**

(a) **Claim for Relief.**  A pleading that states a

(continued...)

applicable to most complaints filed in the federal courts, requires that each

_____

> [6](...continued)
> claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>
>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

**Rule 10(b).  Form of Pleadings**

> (a)            .    .    .
>
> (b)    **Paragraphs; Separate Statements**. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence. . . must be stated in a separate count or defense. . . .

Fed. R. Civ. P. 10(b).

such a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a); *see In re WorldCom, Inc.*, 263 F. Supp. 2d 745, 756 (S.D.N.Y. 2003).

While modest in its requirements, Rule 8(a) commands that a complaint contain more than a mere legal conclusions; "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1950 (2009).  In the wake of the Supreme Court's decision in *Iqbal* and its earlier determination in *Bell Atlantic Corp. V. Twombley,* 550 U.S. 554, 127 S. Ct. 1955 (2007), to meet the requirements of Rule 8 and withstand a motion to dismiss a complaint must plead sufficient facts which, when accepted as true, state a claim that is plausible on its face.  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).

Federal Rule of Civil Procedure 10, which imposes a requirement whose intent is largely pragmatic, requires, among other things, that a pleading consist of separately numbered paragraphs "each of which shall be limited as far as practicable to a statement of a single set of circumstances[.]"  Fed. R. Civ. P. 10(b).  Rule 10(b) is designed to assist litigants and the court by allowing the interposition of a responsive pleading and the corresponding framing of issues with sufficient clarity to allow an orderly and meaningful presentation of a plaintiff's claims and any corresponding defenses, either on motion or at trial.  *See Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (Munson, S.J.).

### 2.    Application of Requirements To Plaintiff's Complaint

Both plaintiff's amended complaint in this action and the defendants' motion bring into play two competing considerations.  It is well-accepted that a *pro se* litigant is entitled to considerable solicitude when his or her complaint is measured against the applicable pleading requirements.  *Salahuddin v. Cuomo,* 861 F.2d 40, 42-43 (2d Cir. 1988).  In addition, I note that courts generally favor adjudication of cases on their merits, rather than on the basis of a technicality or procedural nicety.  *Id.* at 42; *see also Zdziebloski v. Town of East Greenbush*, 101 F. Supp. 2d 70, 72

11

(N.D.N.Y. 2000) (Kahn, J.) (citing *Salahuddin*)[7]; *Upper Hudson Planned Parenthood, Inc. v. Doe*, 836 F. Supp. 939, 943 n.9 (N.D.N.Y. 1993) (McCurn, S.J.), *aff'd*, 29 F.3d 620 (2d Cir. 1994).

As a counterweight to these considerations, which militate in favor of lenity toward the plaintiff, is the challenge presented by plaintiff's lengthy and verbose complaint, particularly to the defendants who must frame a proper responsive pleading, as well as to the court in discerning the contours of the plaintiff's claims.  "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  *Salahuddin,* 861 F.2d at 42; *see also Ceparano v. Suffolk County,* No. 10-CV-2030 (SJF) (ATK), 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010).

In the end, a complaint lodged by a *pro se* plaintiff can properly be dismissed under appropriate circumstances for failing to comply with the applicable pleading requirement that it be "short and plain."  *Philips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005); *Pickering-George v. Cuomo*, No. 1:10-CV-771, 2010 WL 5094629, at * 4 n.8 (N.D.N.Y. Dec. 8, 2010)

---

[7]     Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

(Suddaby, J.) (citing cases).  "Dismissal, however, is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, *2 (S.D.N.Y. Nov. 30, 1998) (citation omitted).

In this instance plaintiff's complaint, which is comprised of forty-seven pages most of which consist of single-spaced text with unnumbered paragraphs, is without question unduly lengthy and laced with unnecessary verbiage; nonetheless, it gives fair notice of the claims being asserted.  When distilled to its core, the complaint discloses the existence of recognizable claims that defendants have interfered with the free exercise of his religious beliefs in violation of the First Amendment and RLUIPA, and additionally that he has been denied equal protection based upon the differences between treatment afforded to members of his religion and others within the DOCS system.  Where, as here, a complaint, though burdened with irrelevant detail, does articulate recognizable unconstitutional behavior, dismissal is unwarranted.  *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam), *cert. denied*, 411 U.S. 935, 93 S. Ct. 1911 (1973). Simply stated, plaintiff's

complaint, though by no means a model of clarity, nonetheless gives fair notice of the claims being asserted in the action and therefore satisfies the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   *Shomo v. State of New York,* 374 Fed. App'x 180, 2010 WL 1628771 (2d Cir. 2010) (cited in accordance with Fed. R. App. P. 32.1) (citing *Phillips*, 408 F.3d at 130).

In addressing situations such as that now presented, involving excessive and unnecessary allegations contained within a complaint making the task of framing a suitable responsive pleading difficult, courts are not without weapons to ameliorate those problems.  Rule 12(f) of the Federal Rules of Civil Procedure, for example, authorizes a court, on motion or of its own initiative, to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see Brown v. West Valley Environmental Services, LLC,* No. 10CV210 A, 2010 WL 3369604, * 7 (W.D.N.Y. Aug. 24, 2010) (citing *NN & R, Inc. v. One Beach Ins. Group*, 362 F. Supp. 2d 514, 525 (D.N.J. 2005)).  Orders to strike materials from a pleading under Rule 12(f), while neither favored nor routinely granted, permit a court, in its discretion, "to clean up pleadings, streamline litigation and avoid unnecessary forays into

immaterial matters." *Brown*, 2010 WL 3369604, at * 7 (citations omitted).

This tool, however, is intended for sparing use, bearing in mind the

deference typically afforded to untrained, *pro se* litigants and should only

be exercised to eliminate allegations having no possible bearing on the

subject matter of the litigation. *Ruggles v. Well Point*, *Inc.,* 253 F.R.D. 61,

65 (N.D.N.Y. 2008); *Laverpool v. N.Y. City Transit Auth*., 760 F. Supp.

1046, 1060-61 (E.D.N.Y. 1991); *Federated Dep't Stores, Inc. v. Grinnell

Corp.*, 287 F. Supp. 744, 747 (S.D.N.Y. 1968).

In reviewing the many marginally relevant allegations set forth in

plaintiff's complaint, particularly those concerning the history and beliefs of

his chosen religion, I conclude that while they are for the most part

unnecessary and will make it exceedingly difficult for defendants to frame

a responsive pleading, I cannot say that they are wholly immaterial to

plaintiff's claims and therefore reject the option, raised *sua sponte*, of

striking unnecessary material from plaintiff's complaint pursuant to Rule

12(f).

B.    Qualified Immunity

In their motion, apparently pursuant to a standard practice employed

by the New York State Attorney General whenever a dispositive motion is

15

brought in a case of this nature, defendants request a finding by the court that they are entitled to qualified immunity from suit, arguing that they had no reason to question the lawfulness of their actions toward the plaintiff and asserting that their actions were in conformity with DOCS agency-wide policies, thereby shielding them from suit.

Qualified immunity protects government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982) (citations omitted). "In assessing an officer's eligibility for the shield, 'the appropriate question is the objective inquiry whether a reasonable officer could have believed that [his or her actions were] lawful, in light of clearly established law and the information the officer[ ] possessed." *Kelsey v. County of Schoharie*, 567 F.3d 54, 61 (2d Cir. 2009) (quoting *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999)). The law of qualified immunity seeks to strike a balance between the need to hold government officials accountable for irresponsible conduct and the need to protect them from "harassment, distraction, and liability when they perform their duties reasonably."

*Pearson v. Callahan*, 555 U.S. ___, 129 S. Ct. 808, 815 (2009) .

In *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001), the Supreme Court "mandated a two-step sequence for resolving government official's qualified immunity claims." *Pearson*, 555 U.S. at ___, 129 S.Ct. at 816. The first step required the court to consider whether, taken in the light most favorable to the party asserting immunity, the facts alleged show that the conduct at issue violated a constitutional right,[8] *Kelsey*, 567 F.3d at 61, with "the second step being whether the right is clearly established", *Okin v. Village of Cornwall-On-Hudson Police Dept.*, 577 F.3d 415, 430 n.9 (citing *Saucier*).[9] Expressly recognizing that the purpose of the qualified immunity doctrine is to ensure that insubstantial claims are resolved prior to discovery, the Supreme Court recently retreated from the prior *Saucier* two-step mandate, concluding in *Pearson* that because "[t]he judges of the district courts and courts of appeals are

---

[8]     In making the threshold inquiry, "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Saucier,* 533 U.S. at 201, 121 S. Ct. 2151.

[9]     In *Okin*, the Second Circuit clarified that the "'objectively reasonable' inquiry is part of the 'clearly established' inquiry", also noting that "once a court has found that the law was clearly established at the time of the challenged conduct and for the particular context in which it occurred, it is no defense for the [government] officer who violated the clearly established law to respond that he held an objectively reasonable belief that his conduct was lawful." *Okin*, 577 F.3d at 433, n.11 (citation omitted).

in the best position to determine the order of decisionmaking [that] will best facilitate the fair and efficient disposition of each case", those decision makers "should be permitted to exercise their sound discretion in deciding which of the . . .  prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand."[10]  *Pearson*, 555 U.S. at  ___, 129 S.Ct. at 818, 821.  In other words, as recently emphasized by the Second Circuit, the courts "are no longer *required* to make a 'threshold inquiry' as to the violation of a constitutional right in a qualified immunity context, but we are free to do so."  *Kelsey*, 567 F.3d at 61(citing *Pearson*, 129 S. Ct. at 821) (emphasis in original).

For courts engaging in a qualified immunity analysis, "the question after *Pearson* is 'which of the two prongs . . . should be addressed in light of the circumstances in the particular case at hand.'" *Okin*, 577 F.3d 430 n.9 (quoting *Pearson*).  "The [*Saucier* two-step] inquiry is said to be appropriate in those cases where 'discussion of why the relevant facts do

---

[10]     Indeed, because qualified immunity is "an immunity from suit rather than a mere defense to liability. . .", *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985), the Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in the litigation." *Pearson*, ___ U.S. at ___, 129 S.Ct. at 815 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 524 (1991) (per curiam)).

not violate clearly established law may make it apparent that in fact the relevant facts do not make out a constitutional violation at all.'" *Kelsey*, 567 F.3d at 61 (quoting *Pearson*, 129 S. Ct. at 818).

At this early juncture little, if anything, is known regarding plaintiff's claims and the basis for defendants' actions toward him and his religious views.  As such, the court is not well-positioned to judge the reasonableness of defendants' actions toward the plaintiff, and is thus unable to meaningfully apply the qualified immunity standard. Accordingly, I recommend that defendants' motion to dismiss on the basis of qualified immunity be denied as premature, without prejudice to renewal at a more appropriate juncture when the defendants' actions can be measured based upon a more fully developed record.

C.    Plaintiff's Motion To Amend

By letter dated November 15, 2010, plaintiff has requested permission to file an amended complaint in this action.  Dkt. No. 57.  The apparent intent of plaintiff's amendment is to challenge treatment he has received based upon his religious beliefs since his transfer into the Orleans Correctional Facility.[11]  *Id.*

---

[11]    Since plaintiff's proposed revised complaint appears to address matters
(continued...)

19

The court's local rules require that a motion for leave to amend include a proposed revised pleading which is intended to fully replace and supersede the existing complaint in the action.  *See* N.Y.N.D.L.R. 7.1(a)(4).[12]  In this instance, plaintiff has failed to meet this requirement. Accordingly, plaintiff's request for leave to amend is denied, without prejudice to his right to reapply to the court for such leave by application complying with this important requirement.[13]

---

[11](...continued)
that have occurred since the inception of this action, it is likely more appropriately characterized as a supplemental complaint.  *Slavenburg Corp. v. Boston Ins. Co.*, 30 F.R.D. 123, 126 (S.D.N.Y. 1962).  This is a distinction without a difference, however, since the standard for authorizing the filing of a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure is essentially the same as that which informs the determination of whether to permit amendment under Rule 15(a).  *See New York State Nat'l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y. 1998).

[12]     That local rule provides as follows:

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects.  A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.

N.D.N.Y.L.R. 7.1(a)(4).

[13]     In the event plaintiff seeks leave to amend and/or supplement, he is strongly encouraged to formulate his complaint in such a fashion as to comply with the letter and salutary spirit of Rules 8 and 10 of the Federal Rules of Civil Procedure and include within it only a short and plain statement of his claims, supported by the allegation of sufficient facts to demonstrate the existence of a plausible cause of

(continued...)

IV.   <u>SUMMARY AND CONCLUSION</u>

While empathizing with the daunting challenge presented to the defendants in attempting to parse out from plaintiff's complaint his legal claims and frame a meaningful responsive pleading, I find that when distilled to its core plaintiff's amended complaint does palpably articulate the nature of his claims, and therefore recommend denial of defendants' motion to dismiss for failure to comply with the requirements of Rule 8 and 10 of the Federal Rules of Civil Procedure.  I also find that the court is not well-positioned at this early juncture to assess the reasonableness of defendants' actions toward the plaintiff and determine whether they are entitled to qualified immunity.  I therefore recommend denial of defendants' motion dismiss in its entirety.

Turning to plaintiff's request for leave to amend, I will deny leave to amend based upon plaintiff's failure to comply with the court's requirement that such a motion be accompanied by a proposed revised pleading, without prejudice to the right of renewal.

―――――――――――――――――

[13](...continued)
action, and to eliminate excess verbiage, including legal arguments, gratuitous comments regarding the DOCS and their attitudes toward members of his religion, and unnecessary background information concerning the beliefs of his chosen religion, except insofar as they directly bear upon his claims that the defendants have denied him the right to freely exercise those beliefs.

21

Based upon the foregoing it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 49) be DENIED in all respects; and it is further

ORDERED, that plaintiff's request for leave to amend his complaint in this action (Dkt. No. 57) be DENIED, without prejudice; and it is further

ORDERED, that plaintiff's request for reconsideration of the order denying his request for an additional extension of time to respond to defendants' motion to dismiss (Dkt. No. 62) is DENIED as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report, recommendation, and order upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:       February 25, 2011
             Syracuse, NY



Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court,

E.D. New York.
Anthony J. CEPARANO, Plaintiff,
v.
SUFFOLK COUNTY, County Executive Steve Levy, Suffolk County Police Department, Police Commissioner Richard Dormer, Former Police Commissioner (2003), Lt. Michael Fitzpatrick, Lt. James Maher, Lt. Paul Schrieber, Det. Anthony Leto, Det. Behrens, Det. Robert Suppa, Det. William Sheridan, P.O. Christopher Viar, P.O. Walter Hetzel, P.O. Kathleen Focas, P.O. Timothy Kelly, Sgt. Leonard, Sgt. William Wallace, P.O. Eric Guiterman, P.O. William Vasquez, P.O. James Behrens, P.O. Anthony Calato, P.O. Daniel Rella, P.O. Juan Valdez, Sgt. William Scaima, P.O. Anthony Wuria, P.O. Michael Pelcher, P.O. Ernie Ketcham, Sgt. Frank Giuliano, Lt. James Smith, Det. "James Smith's Partner", Sgt. Ken, P.O. (5TH Precinct), P.O. "John Doe's # 's 1-50", Lt. Stephen Hernandez, Lt. Daniel Meyer, Capt. John Hanley, Suffolk County Division of Medical Legal Investigations and Forensic Science, Chief of Toxicology Michael Lehrer, Asst. Chief of Toxicology Michael Katz, Toxicologist Lori Arendt, Reconstruction Analyst Robert Genma, Suffolk County District Attorney's Office, District Attorney Thomas J. Spota III, Chief Major Crime Bureau, A.D.A. Bradford S. Magill, A.D.A. Patricia Brosco, "Supervisor of Bradford S. Magill", "Supervisor of Patricia Brosco", Suffolk County Unified Courts System, Presiding Judge S.C. District Ct., Judge Gaetan B. Lozito, Presiding Judge Ralph T. Gazzilo, Presiding Judge C. Randall Hinrichs, Court Reporter Dennis P. Brennan, Court Reporter Susan T. Conners, Judge Martin Efman, Judge J.J. Jones, Suffolk County Legal Aid Society, Presiding Attorney Edward Vitale, Attorney Susan Ambro, 18-B Counsel Robert Macedonio, Suffolk County Sheriff's Department, Sheriff Vincent Demarco, Sheriff Alfred Etisch, Warden Ewald, Former Warden (2004-2006), C.O. # 1158, C.O. # 1257, C.O. # 1251, C.O. # 1207, C.O. # 1259, C.O. # 1094, C.O. # 1139, C.O. # 1241, C.O. Violet, C.O. # 962, C.O. # 1131, C.O. "Tom Arnold", Lt. McClurkin, C.O. Galotti, Sgt. Fischer, C.O. Cathy Ryan (Peeping Pervert), C.O. Kenneth Lawler, C.O. # 668, Co. # 1274, C.O. William Zikis, C.O. # 1324, C.O. # 1275, C.O. Joseph Foti, C.O. # 1220, C.O. # 1276, C.O. Ezekiel, Dep "Brutalitywiolators" # 1-12, C.O. "John Civil Rights Violators" # 1-200, Nurse "Korea", Nurse Pat, Nurse Julie "Loud", Nurse "Male, Earring, Glasses", Nurse "Really Ugly Warts, Always Nasty & Rude", Suffolk County Probation Department, Senior Supervisor, Senior P.O. Bennedetto, Probation Officer Curtis, Probation Officer "Herman Muenster" (P.O. Curtis' Partner), Probation Officer Soltan, Probation Officer "P.O. Soltan Partner", Front Desk Clerk, Andrew O'flaherty, West Babylon Fire Department, Supervisor Mina, Emt McClean, Good Samaritan Hospital, Dr. Jeffrey Margulies, Dr. "I.C.U.", Nurse "Do You Want His Clothes", Nurse "Interogate [Sic] Him Before He's Sedated", Donna Venturini, Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Dr. "Julie Crist's E.R. Doctor", Dr. "Chief [of] Psychiatry", Newsday, Editor John Mancini, Managing Editor Deborah Henley, Managing Editor Debby Krenek, Reporter Bill Mason, 1010 Wins Radio, 1010 wins.com, Programming Director, Reporter, Cablevision, News 12 Long Island, Programming Director, Reporter, Southern Meadows Apartments, Property Manager Debra Cody, Property Manager, Maintenence [Sic] Supervisor William Florio, Suffolk County Intensive Case Management, Director Douglas Shelters, Case Manager Dana Romano, Bellport Outreach, Director, Supervisor of Julie Crist's Case Mgr Jenny, Julie Crist's Case Mgr Jenny, Global Tel-Link, Ceo, Board of Directors, Executive V.P. Billing and Marketing Margaret Phillips, Julie Dougherty A.K.A. Julie Crist, myspace.com, Mother's Against Drunk Driving (Madd), and Madd President 2007-2009, Defendants.
No. 10-CV-2030 (SJF)(ATK).

Dec. 15, 2010.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

Anthony J. Ceparano, Gowanda, NY, pro se.

### ORDER

FEUERSTEIN, District Judge.

I. Introduction

**\*1** On May 4, 2010, incarcerated *pro se* plaintiff Anthony J. Ceparano ("plaintiff"), commenced this purported civil rights action pursuant to 28 U.S.C. § 1983 against approximately four hundred and fifteen (415) defendants, one hundred and fifty-three (153) of whom are named: FN1 Suffolk County, County Executive Steve Levy, Suffolk County Unified Courts System, Suffolk County District Attorney's Office, Suffolk County Legal Aid Society, Suffolk County Police Department, Suffolk County Sheriff's Department, Suffolk County Division of Medical Legal Investigations and Forensic Science, Suffolk County Probation Department, Suffolk County Police Commissioner Richard Dormer, Former Police Commissioner (2003), Captain John Hanley, Lieutenants Michael Fitzpatrick, James Maher, Paul Schrieber, James Smith, Stephen Hernandez, Daniel Meyer, Sergeants William Wallace, William Scaima, Frank Giuliano, Leonard, Ken Detectives Anthony Leto, Behrens, Robert Suppa, William Sheridan, "James Smith's Partner", Police Officers Christopher Viar, Walter Hetzel, Kathleen Focas, Timothy Kelly, Eric Guiterman, William Vasquez, James Behrens, Anthony Calato, Daniel Rella, Juan Valdez, Anthony Wuria, Michael Pelcher, Ernie Ketcham, "(5th Precinct)", Police Officers "John Doe's # 's 1-50", Chief of Toxicology Michael Lehrer, Assistant Chief of Toxicology Michael Katz, Toxicologist Lori Arendt, Reconstruction Analyst Robert Genma, Suffolk County District Attorney Thomas J. Spota III, Chief Major Crime Bureau, Assistant District Attorney Bradford S. Magill, Assistant District Attorneys Patricia Brosco, "Supervisor of Bradford S. Magill", "Supervisor of Patricia Brosco", Suffolk County presiding Judges Gaetan B. Lozito, Ralph T. Gazzilo, C. Randall Hinrichs, Martin Efman, J.J. Jones, Court Reporters Dennis P. Brennan, Susan T. Conners, Suffolk County presiding Legal Aid Attorneys Edward Vitale, Susan Ambro, 18-B Counsel Robert Macedonio, Suffolk County Sheriffs Vincent DeMarco, Alfred Etisch, Warden Ewald, Former Warden (2004-2006), Corrections Officers # 1158, # 1257, # 1251, # 1207, # 1259, # 1094, # 1139, # 1241,# 962, # 1131, # 668, # 1274, # 1324, #

1275, # 1220, # 1276, Violet, "Tom Arnold", Galotti, Ezekial, "Cathy Ryan (Peeping Pervert)", William Zikis, Kenneth Lawler, Joseph Foti, Lieutenant McClurkin, Sergeant Fischer, "Dep BrutalityWiolators # 1-12", Corrections Officers "John Civil Rights Violators" # 1-200, Corrections Nurses "Korea", Pat, "Julie Loud", "Male, Earring, Glasses", "Really Ugly Warts, Always Nasty & Rude", Suffolk County Senior Probation Supervisor, Senior Probation Officer Bennedetto, Probation Officers Curtis, "Herman Muenster (P.O. Curtis' partner)", Soltan, "P.O. Soltan Partner", Front Desk Clerk, Andrew O'Flaherty, West Babylon Fire Department, Supervisor Mina, Emergency Medical Technician McClean, Good Samaritan Hospital, Doctors. Jeffrey Margulies, "I.C.U.", Nurses "Do you want his clothes", "Interogate [sic] him before he's sedated", Donna Venturini, Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Drs. "Julie Crist's E.R. Doctor", "Chief [of] Psychiatry", Newsday, Editor John Mancini, Managing Editor Deborah Henley, Managing Editor Debby Krenek, Reporter Bill Mason, 1010 WINS Radio, 1010 WINS.com, Programming Director, Reporter, Cablevision, News 12 Long Island, Programming Director, Reporter, Southern Meadows Apartments, Property Manager Debra Cody, Property Manager, Maintenence [sic] Supervisor William Florio, Suffolk County Intensive Case Management, Director Douglas Shelters, Case Manager Dana Romano, Bellport Outreach, Director, Supervisor of Julie Crist's Case Manager Jenny, Julie Crist's Case Manager Jenny, Global Tel-Link, CEO, Board of Directors, Executive Vice President of Billing and Marketing, Margaret Phillips, Julie Dougherty A.K.A. Julie Crist, Myspace.com, Mother's Against Drunk Driving (MADD), and MADD President 2007-2009. Accompanying the complaint is an application to proceed *in forma pauperis.* Upon review of the declaration accompanying plaintiff's application, I find that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application is granted. However, for the reasons set forth below, the complaint is sua sponte dismissed in part without prejudice and dismissed in part with prejudice.

> FN1. Plaintiff's "named" defendants include those he has nicknamed (i.e. "Herman Muenster") or otherwise described (i.e. "Nurse

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

really ugly warts, always nasty & rude") as opposed to those simply included as "John Doe."

## II. The Complaint

**\*2** Plaintiff's handwritten complaint exceeds two hundred and fifty pages and is comprised of over seven hundred numbered paragraphs purporting to allege a myriad of claims based upon conduct alleged to have occurred between 2003 and 2009. The complaint is largely a collection of diatribes, opinions, conclusions and speculation devoid of underlying facts. For example, the complaint begins:

I grew up believing in this Country, and the ideals I was taught in school: "All men are created equal. By the people, of the people, for the people. No person shall be deprived of life, liberty or property without due process of the law. The rights of the people to be secure in their persons, houses, and papers ..." Anyone who believes this has never lived in Suffolk County. It is all a lie! The people have no rights. Police, D.A.'s, local government agents, wield unchecked power and abuse whoever they want at will. No one is safe, and god forbid you've ever made a mistake, you are targeted forever ...

It took just *one year* of living in Suffolk County ... to destroy all my faith, and every illusion that I ever had about having civil rights. I thought these things only happened in urban ghettos or the backwoods of the deep south. Never could I have imagined this could ever happen here. It's a sick game. There is no justice ...

Compl. at ¶ IV (emphasis in original). The complaint continues:

Police brutality in Suffolk County is not the exception. It is the rule. It is page one, standard operating procedure. A badge in Suffolk County is a license to assault, and even kill, placing the holder above the law. I have been arrested seven times in Suffolk County, six of which I was taken into custody. Of the six, *five* (83%) involved police brutality and excessive force.

*Id.* at ¶¶ 8-9 (emphasis in original). Plaintiff then describes each of his arrests in Suffolk County, beginning with his November 8, 2003 arrest wherein Lieutenant James Smith is alleged to have "yanked the phone out of my hand [and] smashed me over the head with it." *Id.* at ¶ 10. According to the complaint, "[i]n Suffolk County, law enforcement is a self-serving, self-sustaining aberation [sic] that exists not for the benefit of and protection of society as much as it does for the enrichment of those who hold badges and law licenses." *Id.* at ¶ 52. Plaintiff alleges:

law here [in Suffolk County] is about conviction rates, merit raises, and elections. The goals are promotions and raises, and personal advancement and enrichment. Above all, it is about the exercise and abuse of power, without regard to consequence, by those that are above the law. These demons destroy lives, regardless of the irrelevant concepts of truth and innocence, with no more thought than you give to stepping on a bug while walking. Not only do police and district attorneys continue arrests and prosecutions of those they suddenly realize are innocent, they also entrap people they know from the start are innocent. The attitude is "you've been arrested before so you'll do some more time. So what? What difference does a little thing like innocence make? I need an arrest

**\*3** Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8; *Swierkiewicz v. Sorema, NA.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Pleadings must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), overruled in part on other grounds by *Bell Atlantic Corporation v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A complaint should be short and clear because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1998); *see also Roberto's Fruit Market,*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

*Inc. v. Schaffer,* 13 F.Supp.2d 390 (E.D.N.Y., 1998).; *The Homeless Patrol v. Joseph Volpe Family,* 09-CV-3628, 2010 WL 2899076, at *7 (S.D.N.Y. July 22, 2010) (dismissing *sua sponte* a one hundred and forty-eight (148) page *pro se* amended complaint for, *inter alia,* failure to satisfy Rule 8). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [Rule 8's] goals and this system; such complaints must be dismissed." *Infanti v. Scharpf,* 06 CV 6552, 2008 WL 2397607, at *1 (E.D.N.Y. June 10, 2008) (quoting *Prezzi v. Berzak,* 57 F.R.D. 149, 151, 16 Fed.R.Serv.2d 970 (S.D.N.Y.1972)).

However, "[d]ismissal of a complaint in its entirety should be 'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Infanti,* 2008 WL 2397607, at *2, (quoting *Salahuddin,* 861 F.Supp. at 42)). Accordingly, prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit. *See, e.g., Jones v. Nat'l Communications and Surveillance Networks,* 266 F.App'x 31, 32 (2d Cir.2008) (affirming dismissal of fifty-eight (58) page, single-spaced *pro se* complaint with eighty-seven (87) additional pages of attachments, alleging over twenty (20) separate causes of action against more than forty (40) defendants for failure to meet the "short and plain statement" requirement of Rule 8); *Bell v. Lasaceli,* 08-CV-0278A, 2009 WL 1032857, at *2 (W.D.N.Y., Apr.15, 2009) (dismissing a two hundred (200) page *pro se* complaint naming forty-two (42) defendants for noncompliance with Rule 8); *Infanti,* 2008 WL 2397607 (dismissing *sua sponte* a ninety (90) page complaint comprised of over five hundred (500) paragraphs for running a foul of Rule 8's requirements); *see also In re Merrill Lynch & Co., Inc.,* 218 F.R.D. 76, 77-78 (S.D.N.Y.2003) (dismissing ninety-eight (98) page complaint comprised of three hundred and sixty-seven (367) paragraphs and explaining that "[w]hen a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte,* to dismiss the complaint ....' ") (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)). However, given the preference that *pro se* cases be adjudicated on the

merits and not solely on the ground that the complaint does not constitute a short and plain statement of the facts, leave to amend the complaint should be given at least once. *Salahuddin,* 861 F.Supp. at 42.

3. Habeas Corpus

*4 Section 1983 provides that:
[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983. To state a claim under Section 1983, a complaint must contain factual allegations plausibly suggesting: (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977 L.Ed.2d 130 (1999); *Velez v. Levy,* 401 F.3d 75, 84 (2d Cir.2005).

B. Application

The complaint in its present form does not fulfill Rule 8(a)(2)'s pleading requirements. The complaint is prolix, confused, ambiguous, speculative, repetitive, argumentative and unintelligible. Neither the defendants nor the court should be required to expend the time, effort and resources necessary to parse through plaintiff's pleading in order to determine what claims, if any, plaintiff has alleged. Given "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," *Shomo v. State of New York,* 374 F.App'x. 180, 183 ( 2d Cir. 2010) (quoting *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972)), the Court *sua sponte* dismisses the complaint for failure to satisfy Rule 8(a)(2). However, plaintiff is afforded an opportunity to file a "short and plain statement of [his] claim" in accordance with this order. Plaintiff is advised that, for the reasons that follow, many of the named defendants are either immune from suit or are outside the scope of

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

Section 1983. Accordingly, plaintiff's Section 1983 claims against these defendants are not plausible and should be omitted from any amended complaint because such an amendment would be futile.

1. Immunity

a. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has ... been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns ...." *State Employees Bargaining Agent Coalition v. Rowland,* 494 F.3d 71, 95 (2d Cir.2007) (quoting *W. Mohegan Tribe & Nation v. Orange C'ty,* 395 F.3d 18, 20 (2d Cir.2004)) (alterations in original). Eleventh Amendment immunity also extends to suits for money damages against state officials in their official capacities. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself") (internal citation omitted); *McNamara v. Kaye,* No. 06-CV-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug.13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").[FN2]

FN2. A narrow exception to this rule exists for suits injunctive relief against state officers in their official capacity. *See Will,* 491 U.S. at 71, n. 10. To the extent plaintiff seeks prospective injunctive relief against any state defendant in his or her official capacity, plaintiff may include such claim in an amended complaint to be filed in accordance with this order.

**\*5** Here, plaintiff's Section 1983 claims for money damages against the state defendants in their official capacities are barred by the Eleventh Amendment and therefore are not plausible. Accordingly, such claims are dismissed with prejudice. In so far as the plaintiff names the New York Unified Court System as a defendant, it too is considered an arm of the state and is thus immune from suit by the Eleventh Amendment. *Gollomp v. Spitzer,* 568 F.3d 355, 368 (2d Cir.2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity."). Thus, plaintiff's claims against the New York State Unified Court System are not plausible and are dismissed with prejudice.

b. Prosecutorial Immunity

Plaintiff also seeks to sue the prosecuting attorneys in the underlying criminal cases against him for civil rights violations pursuant to Section 1983. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.' " *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir.2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.' " *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir.1995) (quoting *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994)). In *Hill,* an Assistant District Attorney's alleged acts of "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as [being] part of his function as an advocate." *Id.* at 661.

Here, plaintiff alleges, *inter alia,* that Assistant District Attorneys Magill and Brosco withheld evidence from the grand jury and did not provide required disclosures until days before or the day of trial. These allegations fall within the scope of protection defined by the doctrine of prosecutorial immunity and plaintiff has failed to otherwise allege any conduct by these defendants that would fall outside the scope of prosecutorial immunity. Accordingly, plaintiff's claims against these

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

defendants are not plausible and are dismissed with prejudice.

### c. Judicial Immunity

Plaintiff seeks to sue several state court judges of the Suffolk District Court, Suffolk County Court and New York State Supreme Court, Suffolk County, who were allegedly involved with his underlying criminal proceedings. Judges Lozito, Gazzilo, Gazzilo [FN3], Hinrichs, Efman and Jones are entitled to absolute judicial immunity. It is well settled that judges are entitled to absolute immunity for damages arising out of judicial actions performed in their judicial capacity. *See Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990). Therefore, "if the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction." *Huminski v. Corsones,* 396 F.3d 53, 75 (2d Cir.2004).

> FN3. Plaintiff alternates the spelling of the defendant's name, spelling it "Gazzillo" and "Gazzilo."

**\*6** Even liberally construed, plaintiff alleges no acts performed by any of these defendants that fall outside the scope of absolute judicial immunity. To the extent plaintiff even describes the conduct of any of the judges, all acts described were performed in their official capacity as judges. Therefore, plaintiff's claims against these defendants are not plausible and are dismissed with prejudice.

### d. Entities that are Immune from Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't,* 224 F.Supp.2d 463, 477 (E.D.N.Y.2002) (dismissing claim against Lynbrook Police Department); *see also Melendez v. Nassau County,* No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept.17, 2010) (dismissing claims against Nassau County Sheriff's Department); *Coleman v. City of New York,* No. 08-CV-5276, 2009 WL 909742, at *2 (E.D.N.Y. Apr. 1,

2009) (dismissing claims against New York City department of probation); *Conte v. County of Nassau,* No. 06-CV-4746, 2008 WL 905879, at *1 n. 2 (E.D.N.Y. Mar. 31, 2008) (dismissing § 1983 claims against Nassau County District Attorney's Office).

Insofar as plaintiff alleges claims against the Suffolk County Police Department, Suffolk County District Attorney's Office, Suffolk County Sheriff's Department and Suffolk County Probation Department, the Court finds these entities to be administrative arms of the municipality and therefore lack the capacity to be sued. The Court construes Suffolk County Division of Medical, Legal Investigations and Forensic Sciences to be an administrative arm of the municipality and thus lacks the capacity to be sued. *S ee Bennett v. County of Suffolk,* 30 F.Supp.2d 353 (E.D.N.Y.1998) (Suffolk County acted through its Department of Health Services). [FN4] Therefore, plaintiff's claims against the above named entities are dismissed with prejudice.

> FN4. The Court takes judicial notice that the Suffolk County Division of Medical Legal Investigations is a division of the Suffolk County Department of Health Services.

### 2. Private Defendants Not Amenable to Suit Under § 1983

### a. Suffolk County Legal Aid Society, Edward Vitale and Susan Ambro

"[T]he Legal Aid Society ordinarily is not a state actor amenable to suit under § 1983." *Schnabel v. Abramson,* 232 F.3d 83, 86-87 (2d Cir.2000). Furthermore, Legal Aid attorneys are employees of "a private not for profit legal services corporation ... organized under the laws of New York [that] exists independent of any state or local regulatory authority." *Neustein v. Orbach,* 732 F.Supp. 333, 336 n. 3 (E.D.N.Y.1990). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs.,* 526 U.S. at 49 (internal quotations omitted). Given that the Suffolk County Legal Aid Society and its attorneys are not state actors, plaintiff's § 1983 claims against the Suffolk County Legal Aid Society and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

its attorneys, Edward Vitale and Susan Ambro, are not plausible and are thus dismissed with prejudice.

b. Other Private Defendants

**\*7** As stated above, a defendant must be acting under color of state law to be liable for a § 1983 claim. *Id.* Plaintiff's complaint largely describes alleged civil rights violations pursuant to Section 1983 against a myriad of private actors. Insofar as plaintiff purports to allege Section 1983 claims against private defendants for violations of his civil rights, such claims are not plausible and are dismissed with prejudice. Accordingly, the complaint is dismissed as against E.M.T. McClean, Good Samaritan Hospital, Dr. Jeffrey Margulies, Donna Venturini, Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Newsday, John Mancini, Deborah Henley, Debby Krenek, Bill Mason, 1010 WINS Radio, 1010 WINS.com, South Meadows Apartments, Debra Cody, William Florio, Bellport Outreach, Global Tel-Link, Margaret Phillips, Julie Dougherty A.K.A. Julie Crist, Myspace.com, and Mother's Against Drunk Driving (MADD).

3. Unnamed Correctional Officers

Although it is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit, in the case of *pro se* litigants this rule has been relaxed. *Valentin v. Dinkins,* 121 F.3d 72, 75 (2d Cir.1997).

Plaintiff purports to allege claims against various unnamed officers alleged to work at the Suffolk County Police Department's Fifth Precinct and the Suffolk County Sheriff's Department as well as other "John Doe" defendants, whose work places are not identified within the Complaint. The United States Marshal Service will not be able to serve the intended defendants without further information. Accordingly, the Court hereby directs plaintiff to ascertain the full names of the unidentified defendants whom plaintiff seeks to sue.

4. Claims Against State Actors in Their Individual Capacities

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986) (quoting *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977)). Whether or not there was "personal involvement is a question of fact." *Williams,* 781 F.2d at 323.

Upon review of the voluminous complaint, the Court finds that the following defendants, though named in the caption, appear nowhere in the body of the complaint: Suffolk County Executive Steve Levy, Police Commissioner Richard Dormer, Police Commissioner Former 2003, Det. Behrens, Det. William Sheridan, P.O. Timothy Kelly, Sgt. Leonard, Sgt. William Wallace, P.O. Eric Guiterman, P.O. James Behrens, P.O Anthony Calato, P.O. Daniel Rella, P.O. Juan Valdez, Sgt. William Scaima, P.O. Anthony Wuria, P.O. Michael Pelcher, P.O. Ernie Ketcham, Sgt. Frank Giuliano, Michael Lehrer, Thomas J. Spota, Supervisor of Bradford S. Magill, Supervisor of Patricia Brosco, Presiding Judge S.C. District Court 6/5/07, Edward Vitale, Sheriff Vincent DeMarco, Sheriff Alfred Etisch, Warden Ewald, Warden Former 8/04-5/06, C.O. # 1158, C.O. # 1257, C.O. # 1207, C.O. # 1259, C.O. # 1094, C.O. # 1139, CO. Violet, C.O. # 962, C.O. "Tom Arnold", C.O. Galotti, Sgt. Fischer, C.O. Cathy Ryan (Peeping Pervert), C.O. Kenneth Lawler, C.O. # 668, C.O. # 1274, CO. William Zikis, C.O. # 1324, CO. # 1275, C.O. Joseph Foti, C.O. Ezekiel, Dep "Brutality\*Violators" # 1-12, C.O. "John Civil Rights Violators" # 1-200, Suffolk County Probation Department, Senior Supervisor, Senior P.O. Bennedetto, Probation Officer Soltan, Probation Officer "P.O. Soltan Partner", Front Desk Clerk, West Babylon Fire Department, Supervisor Mina, EMT McClean, Dr. Jeffrey Margulies, Dr. "I.C.U.", Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Dr. "Julie Crist's E.R. Doctor", Dr. "Chief [of] Psychiatry", Editor John Mancini, Managing Editor Deborah Henley, Managing Editor Debby Krenek, Reporter Bill Mason, Programming Director, Reporter, Programming Director, Reporter and Director Douglas Shelters.

**\*8** Plaintiff does not plead factual allegations such that these defendants would have notice of his claims and be able defend against them. Moreover, plaintiff does not allege that any of these defendants were personally involved in any of the alleged wrongdoing. Because personal involvement is a prerequisite to a damages award for an alleged constitutional violation, plaintiff's claims, as

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5437212 (E.D.N.Y.)

(Cite as: 2010 WL 5437212 (E.D.N.Y.))

plead, are not cognizable as against these defendants.

D. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter,* 284 F.3d 411, 419 (2d Cir.2002) (citing *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991)). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir.1998) (citing *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman,* 371 U.S. at 182. However, if amendment would be futile, *i.e.,* if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. *See Lucente v. International Business Machines Corp.,* 310 F.3d 243, 258 (2d Cir.2002).

Since plaintiff is proceeding *pro se,* he is granted leave to amend his complaint to replead his 1983 claims in accordance with this order. Plaintiff shall comply with Federal Rule of Civil Procedure 8 as set forth above at pages eight to ten (8-10) and file any amended complaint in accordance with this order **within thirty (30) days from the date this order is served with notice of entry upon him,** or plaintiff's complaint will be deemed dismissed with prejudice.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with leave to amend within thirty (30) days from the date this order is served with notice of entry upon plaintiff. The Superintendent of the facility in which plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of plaintiff's trust fund account for the six (6) months immediately preceding this order, in accordance with plaintiff's authorization in his *in forma pauperis* application. The agency holding plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent (20%) from plaintiff's trust fund account.

**\*9** The Clerk of the Court is directed to mail a copy of this order, together with plaintiff's authorization, to the Superintendent of the facility in which plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, *see* Fed.R.Civ.P. 5(b)(2)(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

E.D.N.Y.,2010.

Ceparano v. Suffolk County
Slip Copy, 2010 WL 5437212 (E.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court,

N.D. New York.
John T. PICKERING-GEORGE, a/k/a John R. Daley,
Jr., Plaintiff,
v.
Andrew M. CUOMO, Attorney General of New York
State; Andrea Oser, Deputy Solicitor General of New
York State; District Attornies, a/k/a District Attorney
Offices; and Prosecuting Attornies, Defendants.
No. 1:10-CV-0771 (GTS/DEP).

Dec. 8, 2010.
John T. Pickering-George, Bronx, NY, pro se.

### *DECISION and ORDER*

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court in this *pro se* civil
rights action, filed by John T. Pickering-George
("Plaintiff"), is Plaintiff's motion to proceed *in forma
pauperis* and motion for various other relief. (Dkt.Nos.2,
3.) For the reasons discussed below, Plaintiff's motion to
proceed *in forma pauperis* is granted, and his motion for
various other relief is denied. In addition, Plaintiff's
Complaint is *sua sponte* dismissed for failure to state a
claim upon which relief can be granted and frivolousness,
pursuant to 28 U.S.C. §§ 1915(e)(2)(B), unless, within
thirty (30) days of the date of this Decision and Order, he
files an Amended Complaint that complies with the terms
of this Decision and Order.

### I. PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

After carefully reviewing Plaintiff's papers, the Court
finds that he qualifies for *in forma pauperis* status. (Dkt.
No. 2.) Plaintiff's motion to proceed *in forma pauperis* in
this action is, therefore, granted. However, the Court
reserves the right to conduct an analysis of any "strikes"
acquired by Plaintiff, for purposes of 28 U.S.C. § 1915(g),

should the Court obtain, at a later time, reason to believe
that he had acquired at least three such "strikes" before he
filed this action. In addition, Plaintiff should note that,
although his motion to proceed *in forma pauperis* has
been granted, he still will be required to pay other fees that
he might incur in this action, including copying and/or
witness fees.

### II. PLAINTIFF'S MOTION FOR VARIOUS OTHER RELIEF

Approximately three months after filing his Complaint
in this action, Plaintiff filed an 26-page document
described as a "motion." (Dkt. No. 3.) Included within that
filing is another motion to proceed *in forma pauperis.*
(Dkt. No. 3, Attach.1.) Like Plaintiff's original filing, this
motion is indecipherable. (*Compare* Dkt. No. 1 *with* Dkt.
No. 3.) For example, the first page of the document states
as follows:

RE: PETITIONER *"MOTION"* FOR *DOCKET
NUMBER ALSO STATUS AND MOTION FOR
ATTORNEY FEE'S, COSTS FOR FAILURE TO
RESPOND IN ACCORDANCE WITH,* 5 U.S.C.S. §
552(a)(4)(E) & (F) (FOIA), *FREEDOM OF
INFORMATION ACT, AND, "ENCLOSED
JURISDICTIONS", OF [A], SUBPOENA,
CONTEMPT, MANDAMUS, MANDATORY, GENERAL
ORDER, MANDATED PROCESS, GENERAL
PROVISIONS GOVERNING DUTIES, OBTAINING
DOCUMENTS, FORMS, AND APPLICATIONS
IMMUNITIES CLAUSE FROM PROSECUTION OR
PUNISHMENT, RELEASE-DISMISSAL DOCUMENT
FORM, EXEMPT FROM INVESTIGATIONS,
INDICTMENT, PROSECUTIONS, PUNISHMENT,
PENALTY OR FORFEITURE, SUITS OR OTHER
PROCEEDING BEFORE ANY JUDGE OR JUSTICE,
COURT OR OTHER TRIBUNAL, CONDUCTING AND
INQUIRY FOR LEGAL PROCEEDING RELATING TO
THE ACTS OF SAID "AUTHORITIES" WRITTEN
ORDER IN THE NAME OF THE CITY, COUNTIES
STATE OF NEW YORK.*

(Dkt. No. 3 at 1.) The second page lists the attorney
whom the motion apparently concerns or perhaps to whom

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

it has been sent. (*Id.* at 2.) For the next 18 pages, Plaintiff lists-as purported relevant authorities-various legal terms and phrases (as well as statutes, rules, and cases). (*Id.* at 3-21.) On the next page, labeled page "3," Plaintiff begins what appears to be his legal argument in the form of paragraphs, and continues to do so until the end of the document. (*Id.* at 22-25.) However, the contents of the paragraphs still mostly consist of legal citations, lack any allegations of fact, and simply make no sense.

**\*2** For all of these reasons, Plaintiff's "motion" is denied based on its non-compliance with the requirements of Fed.R.Civ.P. 7(b) (1)(B),(C) (which requires the movant to "state with particularity the grounds for seeking the order" and "state the relief sought") and Local Rule 7.1(a)(1),(2) of the Local Rules of Practice for this Court (which, depending on the relief sought, requires the movant to accompany the motion with a memorandum of law and affidavit). *See Link v. Taylor,* 07-CV-338, 2009 WL 127660, at *3 (N.D.Ind. Jan. 20, 2009) (denying *pro se* plaintiff's motion to compel response to a production request where the request was incomprehensible); *Wright v. Goord,* 04-CV-6003, 2008 WL 2788287, at *3 (W.D.N.Y. July 15, 2008) (denying *pro se* prisoner's motion to compel based on its incomprehensibility).[FN1]

> [FN1.] The Court notes that Plaintiff's recently filed motion to proceed *in forma pauperis* (Dkt. No. 3, Attach.1) is duplicative of his original motion accompanying his Complaint, which is granted herein. Plaintiff is advised that, because the Court is granting his motion to proceed *in forma pauperis,* which was filed on July 8, 2010, it is not necessary that he file any further motions seeking that relief in this action. Plaintiff's second motion to proceed *in forma pauperis* (Dkt. No. 3, Attach.1) will therefore be denied as duplicative of Dkt. No. 2 and as moot.

Moreover, to the extent that Plaintiff's motion can somehow be construed as a request for entry of a default judgment with regard to his original filing,[FN2] Plaintiff is advised that Fed.R.Civ.P. 55 provides for entry of default judgement "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." Fed. Rule Civ. Proc. 55(a). Here, Plaintiff's

motion was served before the Court determined the sufficiency of his Complaint and thus before Defendants were served. As a result, there can be no default in answering or defending. As a result, to the extent that Plaintiff's motion is one for default judgment, it is denied on this alternative ground.

> [FN2.] The Court notes that the first page of Plaintiff's motion refers to a failure to respond and the twenty-first page of Plaintiff's motion refers to a default judgment.

### III. *SUA SPONTE* REVIEW OF PLAINTIFF'S COMPLAINT

Having reviewed Plaintiff's motion to proceed *in forma pauperis,* the Court must now consider the sufficiency of the allegations set forth in his Complaint in light of 28 U.S.C. § 1915. This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

#### A. Governing Legal Standards

It has long been understood that a dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County,* 549 F.Supp.2d 204, 211, nn. 15-16 (N.D.N.Y.2008) (McAvoy, J. adopting Report-Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed.R.Civ.P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n. 17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

the merits." *Id., at 212, n. 18* [citations omitted].[FN3]

> FN3. *See also Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) ( "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo,* 861 F .2d 40, 42 (2d Cir.1988) ("[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

**\*3** The Supreme Court has long characterized this pleading requirement under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id.* at 212, n. 20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id.* at 212, n. 21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id.* at 213, n. 22 [citations omitted].

Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 550 U.S. at 560-563. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 555-572. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation [s]." *Id.* at 555 [citations omitted]. More specifically, the "[f]actual allegations must be enough to

raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.* at 555 [citations omitted].[FN4]

> FN4. *See also Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009).

This clarified plausibility standard governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[FN5] It should be emphasized the Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific facts are not necessary"* to successfully state a claim under Fed.R.Civ.P. 8(a) (2). *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law-first offered in *Conley,* and repeated in *Twombly*-that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 550 U.S. at 556, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. The statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. [FN6] Indeed, the Supreme Court recently reaffirmed this pleading requirement, as well as the continued vitality of Twombly in *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), noting that while the *Twombly* "plausibility standard is not akin to a 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly* ). What remains clear after *Iqbal* is that "legal conclusions can provide the framework of a complaint," but when unsupported by factual allegations they fail to meet the minimal requirements of Fed.R.Civ.P. 8. *Id.* at 1950.

> FN5. *Iqbal,* 129 S.Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for all

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

civil action, ... and it applies to antitrust and discrimination suits alike."); *see, e.g., Jacobs v. Mostow,* 271 F. App'x 85, 87 (2d Cir. Mar. 27, 2008 (in *pro se* action, stating "[t]o survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face' ") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.,* 521 F.3d 202, 215-16 (2d Cir.2008) (finding that borrower's *pro se* compliant sufficiently presented a *"plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

FN6. For example, in *Erickson,* the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatitis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson,* 127 S.Ct. at 2199-2200. Expressed differently, the Court held that such a plaintiff need not also allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatitis C medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, including from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees,* 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Johnson v. Wright,* 234 F.Supp.2d 352, 360 (S.D.N.Y.2002); *McKenna v. Wright,* 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord,* 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y.

June 13, 2000). The important thing is that, in *Erickson,* even the *pro se* plaintiff was required to allege some sort of fact.

**\*4** Finally, in reviewing a complaint for dismissal under Fed.R.Civ.P. 12(b)(6), the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se.* However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[FN7] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards in Fed.R.Civ.P. 8, 10 and 12.[FN8] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10, and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[FN9] Stated more plainly, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted].

FN7. *Sealed Plaintif v. Sealed Defendant # 1,* 537 F.3d 185, 191 (2d Cir.2008); *see also Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

FN8. *See Prezzi v. Schelter,* 469 F. 2d 691, 692 ( 2d Cir. 1972), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911 (1973) (finding that extra liberal pleading standard set forth in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed.R.Civ.P. 8); *accord, Shoemaker v. State of Cal.,* 101 F.3d 108 (2d Cir.1996) (citing *Prezzi,* 469 F. 2d at 692) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi* within the Second Circuit]; *accord, Praseuth v. Werbe,* 99 F.3d 402 (2d Cir.1995); *accord Wachtler v. Herkimer County,* 35 F.3d 77, 82 (2d Cir.1994).

FN9. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Faretta v. California,* 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006) ("*[P]ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *accord, Traguth,* 710 F.2d at 95; *cf. Phillips v. Girdich,* 408 F.3d 124, 128, 130 (2d Cir.2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading [ ]or prejudice the adverse party").

**B. Summary of Plaintiff's Complaint**

On July 8, 2010, Plaintiff filed a handwritten Complaint, labeled "Complaint Mandamus-General Form" consisting of 28 pages, plus three handwritten attachments, for a total of 154 pages. The first attachment to Plaintiff's Complaint is identified as "New York State Arraignment Charges and Motions" (*see* Dkt. No. 1, Attach. 1), and the second attachment is identified as "Table of Authorities, Federal Rules of Criminal Procedure Amended *Mandated Process of Criminal Federal Rules Digest*" (*see* Dkt. No. 1, Attach. 2). The third attachment to Plaintiff's Complaint is addressed to the Court Clerk, stating:

RE: RELEASE-DISMISSAL OF ANY CONVICTION, VINDICTIVE PROSECUTION FOR CIVIL RIGHTS ACTIONS, *"MOTIONS"* FOR DISMISSAL OF INDICTMENTS BOTH FEDERAL AND STATE ATTORNEY GENERAL, AND DISTRICT AND PROSECUTING ATTORNEYS PURSUANT TO, U.S. FEDERAL CONST. AMEND*TS* . 1, 5, 8, *14.1,5*

(Dkt. No. 1, Attach.3) [emphasis in original]. The first 21 pages of the Complaint consist of a list of legal terms and phrases with sporadic references to the Federal Rules of Civil Procedure, followed by a listing of numerous federal constitutional provisions, federal statutes, New York State statutes, and rules of appellate procedure, including rules of the United States Supreme Court. The last three pages of the Complaint consist of unnumbered paragraphs largely containing, once again, listings of legal authorities with some apparent quotation therefrom. Plaintiff's "Statement of Claim" states,

[N]OW HERE COMES PETITIONER *PRO SE "WITH MOTION",* PURSUANT TO U.S. FEDERAL CONST. AMEND*TS.* 1, 4, 5, *14.1,5* DUE PROCESS, GARUNTEED [sic] DUE PROCESS, FRCP. RULE. 1 ...,
*\*[T]HE, MOTION IN REGARDS TO [A] SUBPOENA, CONTEMPT, MANDATORY MANDAMUS,"* GENERAL ORDER, MANDATED PROCESS GENERAL PROVISIONS GOVERNING DUTIES IN RESPONDING TO SUBPOENA FORM AND INJUNCTION PROCESS FOR DISBURSEMENT OF *"DOCUMENTS, FORMS, AND APPLICATIONS-IMMUNITIES CLAUSE FROM PROSECUTION OR PUNISHMENT, RELEASE-DISMISSAL DOCUMENT FORM, EXEMPT FROM INVESTIGATIONS, INDICTMENT, PROSECUTIONS, PUNISHMENT, PENALTY OR FORFEITURE, SUITS OR OTHER PROCEEDING BEFORE ANY JUDGE OR JUSTICE, COURT OR OTHER TRIBUNAL, CONDUCTING ANY INQUIRY FOR LEGAL PROCEEDING RELATING TO ACTS OF SAID "AUTHORITIES" WRITTEN ORDER IN THE NAME OF THE CITY, COUNTIES, STATE OF NEW YORK.*

**\*5** (Dkt. No. 1, at 25 [emphasis in original].) As relief for his asserted injuries, the Complaint demands "to have all documents released to petitioner in accordance with applications, process, registration requirements of obtaing [sic], immunities from prosecution or punishment release-dismissal document form...." (*Id.* at 27.) In addition, Plaintiff seeks $75,000 plus attorney's fees, and costs "for failure to respond within (60) sixty days, *FRCP. Rule. 55(a)(e),* 28 U.S.C.S *or* within (90) days, (F.O.I.A) Freedom of Information Act, 5 U.S.C.S § 552(a)(4) (E) & (F)." (*Id.*) Plaintiff's lengthy attachments to the Complaint are similar in form, containing lists of hundreds of statutory provisions and rules and unnumbered paragraphs

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

apparently quoting various legal authorities; these attachments also include citation to and quotation of case law. But for reference to four lawsuits previously filed by Plaintiff in other jurisdictions, all of which have been dismissed, the Complaint and attachments are devoid of any allegations of fact, even when construed with the utmost of special leniency.[FN10]

> **FN10.** Plaintiff references the following four cases: (1) *Pickering-George v. City of New York,* 08-CV-5112, filed in the Southern District of New York on June 4, 2008, and dismissed as frivolous on August 25, 2008, with an order enjoining Plaintiff from filing further actions in that court without prior permission; (2) *Daley v. Commissioner of OMH,* 09-CV-0146, filed in the Northern District of New York on February 5, 2009, and dismissed on April 28, 2009, with Plaintiff's appeal to the Second Circuit dismissed on September 24, 2009, as lacking an arguable basis in law or fact; (3) *Pickering-George v. Court Report Records,* 10-CV-0313, filed in the District of Delaware on April 15, 2010, and dismissed on July 1, 2010, for failure comply with an order of the court; and (4) *Pickering-George v. Court Reporter Records,* 10-CV-5576, filed in the Southern District of New York on July 22, 2010, and dismissed by order of July 22, 2010, wherein the court denied Plaintiff's motion for *in forma pauperis* status for the purpose of an appeal, finding any appeal would not be taken in good faith. As will be discussed in greater detail below in this Decision and Order, Plaintiff is a prolific litigant in federal court, having filed fifteen separate federal court lawsuits since 2006 and seven appeals.

**C. Analysis of Complaint**

As stated above in Part II.A. of this Decision and Order, although courts are generally bound to construe the allegations of a *pro se* complaint with special leniency, they must do so within the confines of the requirements of Fed.R.Civ.P. 8. For example, "some facts must be included in the complaint that would support the court's exercise of subject matter jurisdiction and a complaint that falls too far short of this requirement may properly be dismissed." *Rahl v. New York Telephone Co.,* 09-CV-1165, 2010 WL 3338832, at * (N.D.N.Y. Aug. 24, 2010) (Sharpe, J.) (dismissing *pro se* complaint for failure to plead facts sufficient to survive a Rule 12(b)(6) motion). Though "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible ...," the Court retains the power to dismiss a complaint that is "prolix" or has the "surfeit of detail," notwithstanding the deference given to *pro se* litigants. *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988).

This is one of those cases. While prolix and excessive in its citation and quotation of legal authorities, Plaintiff's Complaint is so lacking in factual allegations that the Court simply is unable to discern any plausible claim within the Court's jurisdiction. Indeed, not only is the Court at a complete loss as to the basis for Plaintiff's Complaint, but it is unable to decipher what relief Plaintiff seeks. To the extent that Plaintiff's attempted claims arise out of Defendants' criminal prosecution of him, three points bear making.

First, Plaintiff appears to have previously asserted similar, if not identical, claims in other courts, which have dismissed those claims with prejudice, raising possible issues of collateral estoppel, res judicata, and/or statute of limitations. (Some of those cases are described below, in Part III.D. of this Decision and Order.) Second, some or all of the Defendants against whom Plaintiff is attempting to assert claims appear to be protected from liability as a matter of law by the doctrine of absolute immunity, due to their status as prosecutors. Third, in the event that the criminal charges brought against Plaintiff are still pending, Plaintiff's claims against these Defendants would not be ripe. Moreover, as made clear by the Supreme Court in *Heck v. Humphrey,* "a plaintiff whose criminal conviction has not been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,' may not seek damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights." *Brady v. Marks,* 7 F.Supp.2d 247, 252-53 (W.D.N.Y.1998) (citing *Heck v. Humphrey,* 512 U.S. 477, 486-87 [1994] ). "[T]o permit a convicted criminal to proceed with a malicious prosecution claim would permit a collateral

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

attack on the conviction through the vehicle of a civil suit."   *Marks, 7 F.Supp.2d at 253* (internal quotation marks and citations omitted).

**\*6** For each of these many reasons, Plaintiff's Complaint must be, and is, dismissed based on the condition described below in Part II. of this Decision and Order. The Court notes that, in reaching this conclusion, it does not in any way deprive Plaintiff of the special solicitude normally afforded to *pro se* civil rights litigants. However, the Court notes that limiting the special solicitude with which Plaintiff's Complaint is construed, in this circumstance, would be appropriate, given Plaintiff's extraordinary experience as a *pro se* civil rights litigant in federal court, described below in Part II.C. of this Decision and Order.

**D. Nature of Dismissal**

Generally, when a district court dismisses a *pro se* action *sua sponte,* the plaintiff will be allowed to amend his or her action. *See Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir.1999).* However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993)* [citations omitted]; *accord Brown v. Peters, 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997)* (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") [citation omitted]; *see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)* (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000)* ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") [citation omitted]; *Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 28 (2d Cir.1991)* ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") [citation omitted];

*Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990)* ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied") .[FN11]

**FN11.** The Court notes two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim ." *Gomez v. USAA Federal Sav. Bank, 171 F.3d at 796; Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir.2007).* The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson, 355 U.S. at 45-46,* which was "retire[d]" by the Supreme Court in *Twombly, 127 S.Ct. 1955. See Gomez, 171 F.3d at 796* (relying on *Branum v. Clark, 927 F.2d 698, 705* [2d Cir.1991], which relied on *Conley, 355 U.S. at 45-46).* Thus, this standard does not appear to be an accurate recitation of the governing law.

This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco, 222 F.3d at 103; Brown, 1997 WL 599355, at \*1.* As explained above in Part II.A. of this Decision and Order, while the special leniency afforded *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in *Fed.R.Civ.P. 8, 10,* and *12;* rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in *Fed.R.Civ.P. 8, 10,* and *12* are procedural rules that even *pro se* civil rights plaintiffs must follow.

**\*7** Here, Plaintiff's obvious familiarity with these requirements is evidenced by his extensive litigation history, which raises serious concerns as to Plaintiff's vexatious nature (and his right to amend his current Complaint). More specifically, the Court's research has revealed that Plaintiff has amassed a significant record of civil actions filed in just the past four years. According to the Federal Judiciary's Public Access to Court Electronic

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

Records ("PACER"), since November of 2006, he has filed fifteen complaints in various districts throughout the country, including one in this district, as well as seven circuit court appeals.[FN12] All but one of his actions have been dismissed, and Plaintiff has previously been warned of the requirements of Fed.R.Civ.P. 8 and of the consequences of filing frivolous lawsuits.

> FN12. Plaintiff also apparently attempted to make various submissions with the United States Supreme Court, which, on April 27, 2009, directed the Clerk of the Court not to accept any further petitions in noncriminal matters from Plaintiff unless he paid the docketing fee and complied with the Court's rules. Pickering-George v. Holder, 129 S.Ct. 2061 (2009).

For example, on November 30, 2006, Plaintiff filed an action in the District of Colombia, *Pickering-George v. U.S. Attorney General,* 06-CV-2061, which was dismissed for failure to comply with the requirements of Fed.R.Civ.P. 8(a); the district court's dismissal was affirmed on appeal. *See Pickering-George v. U.S. Attorney General,* No. 06-5418 (D.C.Cir. Nov. 19, 2007).

In June of 2008, the Eastern District of New York dismissed a complaint that Plaintiff filed in that district, *Pickering-George v. City of New York,* 08-CV-0512, noting that Plaintiff had filed numerous frivolous actions in several federal courts under at least five aliases in the previous three years (including "John R. Daly, Jr.," "John T. Piquin-George," and "John T. George"); after issuing an order to show cause, to which Plaintiff failed to respond, on August 5, 2008, the Eastern District of New York issued an order prohibiting Plaintiff from filing future actions in that district without first obtaining leave of court. *See Pickering-George v. City of New York,* Eastern District of New York, 08-CV-0512, Dkt. Nos. 3, 10. Notwithstanding the court's order, on November 19, 2009, plaintiff filed another action in that district, *Pickering-George v. Gonzalez,* 09-CV-9638, which was dismissed on the day it was filed for Plaintiff's failure to obtain prior permission of the court.

On February 5, 2009, Plaintiff filed *Daley v.*

*Commissioner of OMH,* 09-CV-0146, in this District. The handwritten complaint consisted of 55 pages, plus nearly 200 pages of exhibits. *See Daley v. Commissioner of OMH,* Northern District of New York, 09-CV-0146, Dkt. No. 1. In addition, Plaintiff filed a 65-page document containing hundreds of citations and apparently some "argument." *See id.* at Dkt. No. 3. Expressly stating its concern that Plaintiff's filing may have been an attempt to circumvent the filing injunction issued by Chief Judge Kimba Wood in the Southern District of New York, the Court characterized Plaintiff's complaint as "plainly frivolous" and dismissed it without leave to amend. *See id.* at Dkt. No. 4. On Plaintiff's appeal, the Second Circuit denied his motion to proceed *in forma pauperis* and dismissed the appeal as lacking an arguable basis in law or in fact. *See id.* at Dkt. No. 10.

**\*8** On March 31, 2009, Plaintiff filed another action, in the District of Delaware on March 31, 2009, *Daley v. U.S. District Court of Delaware,* 09-CV-0218, which was dismissed on June 24, 2009, as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e) (2)(B).

Recently, on March 30, 2010, Plaintiff filed a complaint against Brookhaven (N.Y.) Center, among others, in the Eastern District of New York. *Pickering-George v. Brookhaven (N.Y.) Center,* 10-CV-1103, 2010 WL 1740439 (E.D.N.Y. Apr. 30, 2010). In dismissing the complaint for failure to comply with Fed.R.Civ.P. 8, the court characterized Plaintiff's twelve-page handwritten complaint as "incomprehensible," and noted that "the Complaint is largely comprised of quotations from various federal statutes and case law." *Pickering-George v. Brookhaven (N.Y.) Center,* 2010 WL 1740439, at * 1.

In addition, on August 31, 2010, the District of Colombia dismissed a complaint filed by Plaintiff against the Attorney General of the United States, among others, as a result of Plaintiff's failure to comply with Fed.R.Civ.P. 8. *Pickering-George v. Attorney-General, District of Columbia,* 10-CV-1507, Dkt. Nos. 3, 4.

In view of the foregoing, it seems highly unlikely that Plaintiff will be able state a claim upon which relief can be granted. Notwithstanding that fact, the Court is mindful of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 5094629 (N.D.N.Y.)

(Cite as: 2010 WL 5094629 (N.D.N.Y.))

the fact that it has great difficulty deciphering the claims and factual allegations that Plaintiff is attempting to assert in his Complaint. As a result, at this juncture, the Court has trouble concluding that an amendment by Plaintiff would be futile. For these reasons, Plaintiff shall be afforded an opportunity to file an Amended Complaint, before the dismissal of this action. *Plaintiff is advised that his action will be dismissed unless, within thirty (30) days from the date of the filing of this Decision and Order, he files an Amended Complaint that states a claim upon which relief can be granted.*

In the event that Plaintiff chooses to file an Amended Complaint, he is advised that any such Amended Complaint, *shall supersede and replace in its entirety his original Complaint, and may not incorporate any portion of his original Complaint by reference. See* N.D.N.Y. L.R. 7.1(a)(3); *Harris v. City of N.Y.,* 186 F.3d 243, 249 (2d Cir.1999) (citing *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 [2d Cir.1994] ). In an extension of special solicitude, he is further advised that the body of the Amended Complaint should (1) state the basis for this Court's jurisdiction over his claims, (2) state the reasons that the case is properly venued in this Court, (3) contain sequentially numbered paragraphs founded only one occurrence of misconduct per paragraph, and (4) describe such facts as the alleged acts of misconduct, the dates on which such misconduct occurred, the names of each and every individual who participated in such misconduct, and, where appropriate, the location where the alleged misconduct occurred.

**\*9 ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED;** and it is further

**ORDERED** that Plaintiff's motion for various other relief (Dkt. No. 3) is **DENIED;** and it is further

**ORDERED** that Plaintiff's Complaint **SHALL BE** *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), **UNLESS,** within **THIRTY (30) DAYS** from the date of this

Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that states a claim upon which relief can be granted; and it is further

**ORDERED** that any Amended Complaint filed by Plaintiff must be a complete pleading, which will supersede his original Complaint in all respects, and which may not incorporate any portion of his original Complaint by reference; and it is further

**ORDERED** that, upon receipt from Plaintiff of his Amended Complaint, the Clerk shall forward that Amended Complaint to the undersigned for further review; and it is further

**ORDERED** that, in the event Plaintiff fails to file an Amended Complaint that complies with the terms of this Decision and Order as set forth above, the Clerk shall enter Judgment dismissing this action without further Order of this Court.

N.D.N.Y.,2010.

Pickering-George v. Cuomo
Slip Copy, 2010 WL 5094629 (N.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 1998 WL 832708 (S.D.N.Y.)

(Cite as: 1998 WL 832708 (S.D.N.Y.))

**C**

Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Theodore HUDSON, Plaintiff,
v.
Christopher ARTUZ, Warden Philip Coombe,
Commissioner Sergeant Ambrosino Doctor Manion
Defendants.
No. 95 CIV. 4768(JSR).

Nov. 30, 1998.

Mr. Theodore Hudson, Great Meadow Correctional
Facility, Comstock.

Alfred A. Delicata, Esq., Assistant Attorney General, New
York.

MEMORANDUM AND ORDER

BUCHWALD, Magistrate J.

**\*1** Plaintiff Theodore Hudson filed this *pro se* action
pursuant to 42 U.S.C. § 1983 on April 26, 1995. Plaintiff's
complaint alleges defendants violated his constitutional
rights while he was an inmate at Green Haven
Correctional Facility.[FN1] Plaintiff's complaint was
dismissed *sua sponte* by Judge Thomas P. Griesa on June
26, 1995 pursuant to 28 U.S.C. § 1915(d). On September
26, 1995, the Second Circuit Court of Appeals vacated the
judgment and remanded the case to the district court for
further proceedings.

> FN1. Plaintiff is presently incarcerated at
> Sullivan Correctional Facility.

The case was reassigned to Judge Barbara S. Jones on
January 31, 1996. Defendants moved to dismiss the
complaint pursuant to Fed.R.Civ.P. 12(c) on November
25, 1996. Thereafter, the case was reassigned to Judge Jed
S. Rakoff on February 26, 1997. On February 26, 1998,
Judge Rakoff granted defendants' motion to dismiss, but
vacated the judgment on April 10, 1998 in response to
plaintiff's motion for reconsideration in which plaintiff

claimed that he never received defendants' motion to
dismiss.

By Judge Rakoff's Order dated April 14, 1998, this
case was referred to me for general pretrial purposes and
for a Report and Recommendation on any dispositive
motion. Presently pending is defendants' renewed motion
to dismiss. Plaintiff filed a reply on July 6, 1998. For the
reasons discussed below, plaintiff's complaint is dismissed
without prejudice, and plaintiff is granted leave to replead
within thirty (30) days of the date of the entry of this
order.

FACTS

Plaintiff alleges that he was assaulted by four inmates
in the Green Haven Correctional Facility mess hall on
March 14, 1995. (Complaint at 4.) He alleges that he was
struck with a pipe and a fork while in the "pop room"
between 6:00 p.m. and 6:30 p.m. (Complaint at 4-5.)
Plaintiff contends that the attack left him with 11 stitches
in his head, chronic headaches, nightmares, and pain in his
arm, shoulder, and back. (*Id.*) Plaintiff also states that
Sergeant Ambrosino "failed to secure [the] area and
separate" him from his attackers. (Reply at 5.) Plaintiff's
claim against Warden Artuz is that he "fail [sic] to qualify
as warden." (Complaint at 4.) Plaintiff names
Commissioner Coombes as a defendant, alleging Coombes
"fail [sic] to appoint a qualified warden over security."
(Amended Complaint at 5.) Plaintiff further alleges that
Dr. Manion refused to give him pain medication.
(Complaint at 5.) Plaintiff seeks to "prevent violent
crimes" and demands $6,000,000 in damages. (Amended
Complaint at 5.)

Defendants moved to dismiss the complaint, arguing
that: (1) the Eleventh Amendment bars suit against state
defendants for money damages; (2) the plaintiff's
allegations fail to state a claim for a constitutional
violation; (3) the defendants are qualifiedly immune from
damages; and (4) plaintiff must exhaust his administrative
remedies before bringing this suit.

DISCUSSION

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1998 WL 832708 (S.D.N.Y.)

(Cite as: 1998 WL 832708 (S.D.N.Y.))

I find that plaintiff's complaint runs afoul of Rules 8 and 10 of the Federal Rules of Civil Procedure and dismiss the complaint without prejudice and with leave to amend. Federal Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)); *see Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (stating that the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial").

*2 Rule 10 of the Federal Rules of Civil Procedure requires, *inter alia,* that the allegations in a plaintiff's complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances. *Moore's Federal Practice,* Vol. 2A, ¶ 10.03 (1996). Rule 10 also requires that each claim upon which plaintiff seeks relief be founded upon a separate transaction or occurrence. *Id.*[FN2] The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading." *Sandler v. Capanna,* 92 Civ. 4838, 1992 WL 392597, *3 (E.D.Pa. Dec.17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1323 at 735 (1990)).

FN2. Rule 10 states:

(b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

A complaint that fails to comply with these pleading rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of" a plaintiff's claims. *Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y.1996). It may therefore be dismissed by the court. *Id.; see also Salahuddin v. Cuomo,* 861 F.2d at 42 ("When a complaint does not comply with the requirement that it be short and plain, the court has the power to, on its own initiative, ... dismiss the complaint"). Dismissal, however, is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* In those cases in which the court dismisses a *pro se* complaint for failure to comply with Rule 8, it should give the plaintiff leave to amend when the complaint states a claim that is on its face nonfrivolous. *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995).

In determining whether a nonfrivolous claim is stated, the complaint's allegations are taken as true, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint of a *pro se* litigant is to be liberally construed in his favor when determining whether he has stated a meritorious claim. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if it is difficult to determine the actual substance of the plaintiff's complaint, outright dismissal without leave to amend the complaint is generally disfavored as an abuse of discretion. *See Salahuddin,* 861 F.2d at 42-42; *see also Doe v. City of New York,* No. 97 Civ. 420, 1997 WL 124214, at *2 (E.D.N.Y. Mar.12, 1997).

Here, plaintiff's *pro se* complaint fails to satisfy the requirements of Federal Rules 8 and 10. The complaint is often illegible and largely incomprehensible, scattering what appear to be allegations specific to plaintiff within a forest of headnotes copied from prior opinions. Defendants have answered with a boilerplate brief, which is perhaps all a defendant can do when faced with such a

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1998 WL 832708 (S.D.N.Y.)

(Cite as: 1998 WL 832708 (S.D.N.Y.))

complaint. The Court is left with an insurmountable burden in attempting to make a reasoned ruling on such muddled pleadings.

**\*3** Although plaintiff's complaint is substantially incomprehensible, it appears to plead at least some claims that cannot be termed frivolous on their face. For example, plaintiff clearly alleges that inmates assaulted him and that Dr. Manion refused to provide him medical attention. He also appears to assert that Sergeant Ambrosino failed to protect him from the attack or take steps to prevent future attacks. (Plaintiff's Reply at 5). It is well established that an inmate's constitutional rights are violated when prison officials act with deliberate indifference to his safety or with intent to cause him harm. *Hendricks v. Coughlin,* 942 F.2d 109 (2d Cir.1991). It is similarly well established that an inmate's constitutional rights are violated when a prison doctor denies his request for medical care with deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hathaway v. Coughlin,* 37 F.3d 63 (2d Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Although plaintiff provides few facts to support his allegations, I disagree with defendants' assertion that outright dismissal is appropriate because it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Defendant's Memorandum at 5 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Because plaintiff's complaint does not comply with Rules 8 and 10, it is hereby dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this Order. In drafting his second amended complaint, plaintiff is directed to number each paragraph and order the paragraphs chronologically, so that each incident in which he alleges a constitutional violation is described in the order that it occurred. Plaintiff is also directed to specifically describe the actions of each defendant that caused plaintiff harm, and to do so in separate paragraphs for each defendant. Plaintiff's complaint shall contain the facts specific to the incidents plaintiff alleges occurred, and not any facts relating to any case that has been decided previously by a court of law. Plaintiff's complaint shall also contain a clear statement of

the relief he seeks in addition to monetary damages.

CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this Order.

IT IS SO ORDERED.

S.D.N.Y.,1998.

Hudson v. Artuz
Not Reported in F.Supp.2d, 1998 WL 832708 (S.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

**H**

Only the Westlaw citation is currently available.
**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,

W.D. New York.
David F. BROWN, Plaintiff,
v.
WEST VALLEY ENVIRONMENTAL SERVICES, LLC, et al., Defendants.
No. 10CV210A.

Aug. 24, 2010.

David J. Seeger, Law Office of David J. Seeger, Buffalo, NY, for Plaintiff.

Christopher L. Hayes, James D. Donathen, Phillips Lytle LLP, Buffalo, NY, for Defendants.

**Order**

HUGH B. SCOTT, United States Magistrate Judge.

**\*1** This matter has been referred to the undersigned pursuant to 28 U . S.C. § 636(b)(1)(C) (Docket No. 8 FN1). While defendants' motions to dismiss (Docket Nos. 10, 16 FN2) were pending, plaintiff submitted his response (Docket Nos. 19, 20), including an Amended Complaint (Docket No. 20). The instant matter addressed herein before the Court are the motion to strike that Amended Complaint by defendants West Valley Environmental Services ("WVES") and David Pritchard (collectively the "WVES defendants") (Docket No. 21 FN3) and plaintiff's motion for leave to amend the Complaint (Docket No. 31 FN4). Responses to the motion to strike were due by July 15, 2010, and the pending motions (described below) then were deemed submitted on July 15, 2010 (Docket No. 26). Responses to plaintiff's motion for leave to amend were due by August 2, 2010, and the all pending motions then were deemed submitted as of that date (Docket No. 32). Following the WVES defendants' separate motion to dismiss crossclaims (Docket No. 33), all pending motions were deemed submitted as of August 17, 2010 (Docket No. 36).

> FN1. This action was referred to Magistrate Judge McCarthy, Docket No. 5, before his recusal, Docket No. 7.

> FN2. Later, defendants West Valley Environmental Services and David Pritchard filed their motion to dismiss crossclaims, Docket No. 33. Plaintiff filed his opposition to this motion, Docket No. 39.

> FN3. In support of this motion, the WVES defendants submitted their attorney's affidavit, Docket No. 22; and a memorandum in support of this motion, Docket No. 24, which, in fact, is a duplication of the reply memorandum in support of their motion to dismiss, *compare* Docket No. 23.

> FN4. In support of this motion, plaintiff submits two affirmations from his attorney, one (affirmed July 16, 2010) with exhibit (the proposed Amended Complaint, identical to the previously filed Docket No. 20), the second (affirmed June 18, 2010); his Memorandum of Law, Docket No. 31 (the same as earlier filed, Docket No. 19), with exhibit (a memorandum of understanding between West Valley Demonstration Project and the Cattaraugus County Sheriff's Office); and his Memorandum of Law opposing defendants' motion to strike and in support of his motion for leave to amend ("Pl. Opp'n & Leave to Amend Memo."), Docket No. 31.

> In response, the WVES defendants submitted their memorandum of law in opposition, Docket No. 37.

As stated above, also pending before the Court are two motions to dismiss the original Complaint; first is the motion of the WVES defendants (Docket No. 10), and next, on May 27, 2010, is the motion of defendants Cattaraugus County Sheriff's Office ("Sheriff's Office"), sergeant Bryan Schwabenbauer, and deputy Richard Love (collectively "County defendants") to dismiss (Docket No. 16).

Given the issues surrounding the amendment of the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

Complaint, this Court considers first the amendment (either granting leave or striking the filed amendment) and this Court had briefed (*see* Docket Nos. 15, 18, 30, 32, 36) the issue of the dismissal motions (Docket Nos. 10, 16, 33) (depending upon the disposition of plaintiff's proposed amendment herein, those motions will be addressed in a separate Report & Recommendation) and deferred said motions.

## BACKGROUND

*Original Complaint*

This is a civil rights action (with a supplemental state law tortious interference with contract claim) by an employee of a contractor servicing WVES property alleging deprivation of property interest without substantial due process of law, denial of equal protection of the laws, and deprivation of plaintiff's First Amendment rights (Docket No. 1, Compl. ¶¶ 2, 25, 31-64). West Valley Environmental Services contracted with the United States Department of Energy to clean the West Valley Demonstration Project, removing radioactive waste (*id.* ¶¶ 18, 13-14, 15). Plaintiff contracted with The Krog Corporation to provide snow plowing and other services on properties The Krog Corporation owned, including a facility leased to WVES called the Ashford Office Complex (or "AOC") and had performed these services since 1991 (*id.* ¶¶ 25, 22-24, 26). The AOC contained WVES's offices (*id.* ¶ 19).

In mid-December 2007, plaintiff was on AOC premises to test pavement and weather conditions before beginning snow plowing when a Cattaraugus County Sheriff's patrol car pulled into the AOC parking lot (*id.* ¶¶ 31-33). Plaintiff contends that defendant Cattaraugus County Sheriff's Department sergeant Bryan Schwabenbauer ordered plaintiff to step away from his vehicle (*id.* ¶ 35). According to plaintiff, he repeatedly identified himself as the snowplow contractor but Schwabenbauer ordered plaintiff to shut up, pushed plaintiff onto the sheriff's patrol car and ordered him to place his hands on the patrol car, kicked his legs apart and conducted a pat down search of plaintiff (*id.* ¶¶ 37-38). Plaintiff claims that Schwabenbauer demanded to know what plaintiff was doing at the AOC and then proceeded to search plaintiff's vehicle (*see id.* ¶¶ 39, 41). Plaintiff reported this incident to Cattaraugus County Sheriff's Captain Robert Buchardt and defendant deputy Richard Love but declined to file a formal complaint (*id.* ¶¶ 42). Love also was employed by WVES for security (*id.* ¶ 8).

**\*2** Almost two years later, on December 9, 2009, plaintiff appeared for work at the AOC when, at approximately 6 am, plaintiff saw a blue flash near an electrical transformer, followed by falling power lines and fires; plaintiff immediately reported this to WVES security (*id.* ¶¶ 44-45). Plaintiff entered the non-secured front vestibule of the AOC and went no further into secured areas (*id.* ¶¶ 46, 52). Emergency responders arrived, including defendant Schwabenbauer. Schwabenbauer, when he saw plaintiff on AOC premises, told him (in a profane manner) to leave. (*Id.* ¶¶ 48, 49.) Plaintiff drove to the south end of the parking lot (*id.* ¶ 50). Schwabenbauer and Dawn Samborski FN5, an agent, employee or contractor of WVES, falsely reported that plaintiff entered secured area of AOC (*id.* ¶ 53). Plaintiff claims that defendants WVES, Pritchard, Schwabenbauer, and Love invoked federal law (provisions of the Atomic Energy Act) to ban plaintiff from entering the AOC, claiming that he was trespassing (*id.* ¶¶ 54-56), and to which plaintiff denied trespassing (*id.* ¶ 57). On December 16, 2009, Love and Pritchard declared to The Krog Corporation that plaintiff would no longer be given access to the AOC, despite the fact that they allegedly knew that plaintiff had not trespassed (*id.* ¶ 58). Pritchard falsely reported to The Krog Corporation that plaintiff had trespassed (*id.* ¶ 60). When The Krog Corporation responded that the surveillance security system indicated that plaintiff had not trespassed, Pritchard stated that the electrical outage disabled the system so as to preclude that finding (*id.* ¶ 61; *see id.* ¶ 59). Plaintiff points to other eyewitnesses and concludes that the trespass claim was false and that WVES maliciously concluded to the contrary and suppressed or ignored contrary evidence (*id.* ¶¶ 62-65).

FN5. Ms. Samborski has not made an appearance in this action. The certificates of service for these Answers do not indicate that Ms. Samborski was served with these papers, *cf.* Docket Nos. 2-4.

In the first claim of the original Complaint, plaintiff alleges that Schwabenbauer deprived him of his Fourth Amendment rights in conducting an illegal search and seizure of his person and vehicle in December 2007 (*id.* ¶ 65). The Cattaraugus County defendants allegedly were deliberately indifferent in failing to train Schwabenbauer (*id.* ¶ 66). Next, in his second claim plaintiff alleges that he was deprived property, his employment with The Krog Corporation, his contract for property maintenance and his liberty interest in his good name, without due process, in violation of the Fifth and

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

Fourteenth Amendments (*id.* ¶¶ 68-73). He claims in the third claim that defendants retaliated against him for complaining of Schwabenbauer's illegal conduct in 2007, in violation of his First Amendment rights (*id.* ¶¶ 75-79). He also alleges, in the fourth claim, that this vindictiveness deprived plaintiff of equal protection of laws, in violation of the Fourteenth Amendment (*id.* ¶¶ 81-84). Finally, plaintiff alleges in the fifth claim, that Pritchard, WVES, Samborksi, Schwabenbauer, and Love tortuously interfered with plaintiff's contractual rights, in violation of New York common law (*id.* ¶ 86).

**\*3** The Cattaraugus County Sheriff's Office, deputy Love, and sergeant Schwabenbauer separately answered the Complaint with identical Answers (Docket Nos. 2, 3, 4), also asserting an affirmative defense and crossclaim alleging the negligence of the WVES defendants and Samborski that, if plaintiff recovers from the County defendants, the WVES defendants and Samborski should indemnify the County defendants (*e.g.,* Docket No. 3, Love Ans. ¶ 100).

Before a Scheduling Conference could be set, the WVES defendants filed their motion to dismiss (Docket No. 10), on April 30, 2010.

*Plaintiff's Amended Complaint*

Plaintiff filed his Amended Complaint (Docket No. 20), arguing that he was amending as of right under Rule 15(a)(1)(A) since WVES and Pritchard had not filed responsive pleadings (Docket No. 19, Pl. Atty. Affirm. ¶¶ 2-4). The First Amended Complaint amends the second claim and asserts that defendants Love, Schwabenbauer, and the Sheriff's Office acted under the color of state law and that WVES had a special relationship with the Sheriff's Office wherein that department rendered security services to WVES (Docket No. 20, Am. Compl. ¶¶ 73-75). Plaintiff concludes that Schwabenbauer and Love acted in concert with the WVES defendants and their acting in concert was done under color of state law (*id.* ¶ 76) to make all defendants liable under 42 U.S.C. § 1983. Plaintiff specifies that he is seeking relief from the WVES defendants in his amended third and fourth claims (*id.* ¶¶ 82, 88). The *ad damnum* clause is also amended to remove the declaratory judgment relief that sought to set forth the rights of the parties (*see* Docket No. 19, Pl. Memo. at first unnumbered page; *compare* Docket No. 1, Compl. at 13 with Docket No. 20, Am. Compl. at 14), presumably including the

non-party The Krog Corporation.

The County defendants answered this filed Amended Complaint (Docket No. 28), reasserting the crossclaim against the WVES defendants and Samborski (*id.* ¶ 104) but again not serving Ms. Samborski (*cf. id.* Cert. of Serv.).

Plaintiff, recognizing the recent amendment to Federal Rule of Civil Procedure 15, discussed below, next moved for an extension of time to reply to the then-pending motions, indicating his intention to move for leave to amend the Complaint (Docket No. 29, Pl. Atty. Affirm. ¶¶ 2-5), and this extension was granted (Docket No. 30). In his motion for leave to amend the Complaint (Docket No. 31), plaintiff reasserts the First Amended Complaint discussed above (*id.*) and reaffirmed the arguments for the amendment (as well as opposing defense motions to dismiss the original Complaint and to strike the filed amendment) (*id.,* Pl. Atty. Affirm. of July 16, 2010). First, plaintiff argues that, by amending the Complaint, defense motions to dismiss the initial Complaint become moot (*id.* ¶¶ 3-4) and refers to his earlier memorandum regarding defense opposition for leave to be granted (*id.* ¶ 5, *see also* discussion below). He also noted that his filing of the Amended Complaint as of right had to have been filed by June 17, 2010, but he filed it the next day; he thus sought additional time to respond and to file a motion for leave to amend the Complaint (Docket No. 29, Pl. Atty. Affirm. ¶¶ 4-7), which was granted (Docket No. 30) and plaintiff filed his motion for leave to amend (Docket No. 31).

**\*4** Plaintiff contends that this amendment is not futile and saves plaintiff's claims (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 3-5) and he denies that there is any prejudice to defendants asserted in opposing leave to amend and that the other bases for rejecting leave (undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies) are not present (*id.* at 2-3). He contends that the WVES defendants acted in concert with state actors, the Cattaraugus County Sheriff's Department, including a contract between the Sheriff's Department and the United States Department of Energy to provide law enforcement services to WVES (*id.* at 4; Docket No. 31, Pl. Motion, Ex. A (Memorandum of Understanding)). By acting in concert with state actors, plaintiff concludes that WVES defendants could be held liable under § 1983 as state actors (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 4-5). As for the necessary party issue, plaintiff's proposed amendment removes declaratory relief from the *ad damnum*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

clause, removing the necessity of including The Krog Corporation in this case (*id.* at 5); furthermore, the cure for non-joinder is adding that party and not dismissal of the action (*id.* at 6, *citing* 4 *Moore's Federal Practice-Civil* §§ 19.04[4][a] (under Rule 19(a)(2), court must order joinder of non-joined necessary party), 21.04 [1] (2010)); *see also* 2 *Moore's Federal Practice-Civil* § 12.35 (2010) (rather than dismiss action, court will allow necessary party to be joined; if that indispensable party cannot be joined, then dismissal is proper).

*WVES Defendants' Motion to Strike*

After plaintiff filed his Amended Complaint (Docket No. 20), the WVES defendants moved to strike that pleading (Docket No. 21). First, they argue that the amendment is untimely, since it was filed almost two months after defendants filed their motions to dismiss (Docket No. 22, WVES Defs. Atty. Aff. ¶ 3; Docket No. 24, WVES Memo. at 1, 3). Second, they contend that the amendment does not cure the defects in the initial pleading to save it (Docket No. 24, WVES Memo. at 1, 4-8). They charge that the Amended Complaint does not allege any conduct by WVES or Pritchard which denied plaintiff a constitutionally protected right or establish a nexus between them and the Sheriff's Office to support a conspiracy allegation (*id.* at 1).

*WVES Defendants' Motions to Dismiss*

Meanwhile, the WVES defendants had moved to dismiss so much of the original Complaint against them, pursuant to Rule 12(b)(6) (failure to state a claim) and (b)(7) (failure to join party) (Docket No. 10). They contend that the Complaint fails to allege that they were acting under color of state law; in fact, the original Complaint alleges that they were acting under color of federal law (Docket No. 13, WVES Defs. Memo. at 5; *see* Docket No. 1, Compl. ¶ 54).

The WVES defendants deny that plaintiff has asserted a *Bivens*[FN6] claim against them in the second (deprivation of property without due process), third (First Amendment retaliation), or fourth (equal protection) claims since plaintiff has state law remedies available to him against the WVES defendants (Docket No. 13, WVES Defs. Memo. at 6-8, 6), *see* *Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 69, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Alternatively, they argue that these claims should fail since an indispensable party, The Krog Corporation, was not joined under Rule 19 (*id.* at 8-9; *see*

*also* Docket No. 16, County Defs. Atty. Affirm. ¶¶ 3-5). The WVES defendants also deny co-defendants' indemnification and contribution claims against them under these causes of action (Docket No. 13, WVES Defs. Memo. at 9-10 [FN7]).

FN6. *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

FN7. The Cattaraugus County defendants concede that if plaintiff's claims are dismissed, their crossclaims for indemnification and contribution also would be dismissed, Docket No. 16, County Defs. Atty. Affirm. ¶ 6. In their latest motion to dismiss, the WVES defendants repeat this concession as grounds for dismissal of the crossclaims, Docket No. 34, WVES Defs. Atty. Aff. ¶ 6.

**\*5** If the above federal claims are dismissed, the WVES defendants conclude that this Court should not exercise supplemental jurisdiction over the remaining fifth state law claim (and codefendants' crossclaims) (*id.* at 10-11; *see* Docket No. 34, WVES Defs. Atty. Aff. ¶ 5). They reiterate this in their separate, later motion to dismiss the crossclaims (Docket No. 33; *see* Docket No. 34, WVES Defs. Atty. Aff. ¶ 6).

Plaintiff contends that his amendment to the Complaint (Docket No. 20) eliminates the claim that the WVES defendants contend requires joinder (Docket No. 19, Pl. Memo. at first to second unnumbered pages; Docket No. 31, Pl. Memo. at first to second unnumbered pages). Plaintiff argues that "there is not fathomable basis that would suggest that Plaintiff would now or ever in the future seek to attain any judicial relief against the Krog Corporation" (Docket No. 19, Pl. Memo. at first to second unnumbered pages; *see also* Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 6). Plaintiff later argues that he hopes to regain access to the exterior of AOC to resume his contractual services for The Krog Corporation and it would be "highly destructive to Plaintiff's interest to be compelled to sue the party with whom he has contracted and wishes to contract" (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 6). In addition, the Amended Complaint asserts that the Sheriff's Office and County Defendants acted under color of state law and, by extension through acting in concert with the WVES defendants, a § 1983 claim has been stated against the WVES defendants, rendering the WVES defendants' motion academic (*id.* at

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

second unnumbered page).

The WVES defendants respond that this amendment would be futile because plaintiff's alleged conspiracy claims (to extend state action liability to otherwise private actors) should fail on plaintiff's conclusory allegations of a conspiracy between the WVES defendants and the Sheriff's department employees (Docket No. 37, WVES Defs. Memo. at 5-10). If plaintiff's proposed amendment does not address the defects noted in the original motion to dismiss, the WVES defendants argue that this Court may consider their motion to dismiss addressing the amended pleading (*id.* at 4). They reiterate their argument that a necessary party, The Krog Corporation, has not been named and therefore this action should be dismissed (*id.* at 10).

*Cattaraugus County Sheriff's Department's Motion*

The County defendants join the WVES defendants' motion to dismiss the second, third, and fourth claims for failure to join a necessary party (Docket No. 17, County Defs. Memo. at 3-4) and incorporated the assertions in the WVES defendants' papers (Docket No. 16, County Defs. Atty. Affirm. ¶ 3; *see also* Docket No. 27, County Defs. Atty. Reply Affirm. ¶¶ 2, 4). The County defendants do not seek dismissal of the first claim (illegal search and seizure) not addressed in the WVES defendants' motion. The County defendants did not respond to plaintiff's motion for leave to amend, or to the WVES defendants' latest motion to dismiss the County defendants' crossclaims.

**DISCUSSION**

I. Applicable Standards

***6** Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *United States v. Erie County,* No. 09CV849, 2010 U.S. Dist. LEXIS 68498, at *38, 2010 WL 2737131 (W.D.N.Y. July 9, 2010) (Skretny, Ch. J.). "In the absence of any apparent or declared reason-such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman, supra,* 371 U.S. at 182 (quoting Fed.R.Civ.P. 15(a)).

As plaintiff notes (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 2-3), with defense challenging the sufficiency of the proposed Amended Complaint, the principles under Rule 12(b)(6), as recently construed by the United States Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009), come into play. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss an Answer unless it appears "beyond doubt that the [defendant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *id.* at 570 (rejecting longstanding precedent of *Conley, supra,* 355 U.S. at 45-46); *Hicks v. Association of Am. Med. Colleges,* No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4, 2007 WL 1577841 (D.D.C. May 31, 2007), similarly this standard applies to Answers and to counterclaims asserted therein. To survive a motion to dismiss, the factual allegations in the Answer "must be enough to raise a right to relief above the speculative level," *Twombly, supra,* 550 U.S. at 555; *Hicks, supra,* 2007 U.S. Dist. LEXIS 39163, at *5, 2007 WL 1577841. As recently reaffirmed by the Court in *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *rev'g Iqbal v. Hasty,* 490 F.3d 143 (2d Cir.2007),

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [ *Twombly, supra,* 550 U.S .] at 570.... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556.... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are 'merely

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' *Id.,* at 557 ... (brackets omitted)."

**\*7** *Iqbal, supra,* 129 S.Ct. at 1949 (citations omitted). As plaintiff notes (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 2), "the claim must be plausible, not merely conceivable," *U.S. v. Erie County, supra,* 2010 U.S. Dist. LEXIS 68498, at 24, 2010 WL 2737131.

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed.R.Civ.P. 10(c), or any document incorporated in it by reference. *Goldman v. Belden,* 754 F.2d 1059 (2d Cir.1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Answer, *see Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57 (2d Cir.1985); *U.S. v. Erie County, supra,* 2010 U.S. Dist. LEXIS 68498, at *23, 2010 WL 2737131. However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. *New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions,* 235 F.Supp.2d 123 (N.D.N.Y.2002).

As for dismissal under Rule 12(b)(7) for failure to join an indispensable party, the movant has the burden of showing that the absent party should be joined under Rule 19 and such a dismissal does not operate as an adjudication of the merits, 2 *Moore's Federal Practice-Civil* § 12.35 (2010).

At issue here, initially, is whether the filed Amended Complaint (Docket No. 20) was timely under the amended version of Rule 15(a), since this was the basis for WVES defendants' motion to strike. Federal Rule of Civil Procedure 15(a)(1)(B) (effective Dec. 1, 2009) allows a plaintiff to amend a Complaint as a matter of course "within ... if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier," id.* (emphasis added) (*see* Docket No. 24, WVES Memo. at 3); *see Express Cos., Inc. v. Lifeguard Med. Solutions, LLC,* No. 10CV78, 2010 U.S. Dist. LEXIS 64104, at *3, 2010 WL 2574213 (S.D. Cal. June 24, 2010). The Advisory Committee noted for this amendment that

"this provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings."

Fed.R.Civ.P. 15 advisory committee's note (2009).

The WVES defendants have moved to strike the filed Amended Complaint (Docket No. 21). Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and the Court may act on its own or on a motion made within 21 days of being served with the pleading, Fed.R.Civ.P. 12(f). The motion to strike is disfavored and is not to be granted routinely, *see S.E.C. v. Lorin,* 869 F.Supp. 1117, 1120 (S.D.N.Y.1994), but is within the discretion of the Court, *Hoffman Motors Corp. v. Alfa Romeo S.p.A.,* 244 F.Supp. 70, 81 (S.D.N.Y.1965), and the function of such a motion is to clean up pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters, *NN & R, Inc. v. One Beacon Ins. Group,* 362 F.Supp.2d 514, 525 (D.N.J.2005). If granted at all, the complaint to be stricken should be pruned with care, *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 894 (2d Cir.1976). To succeed, the movant must show that it is prejudiced by the inclusion of the offending pleading, *Lorin, supra,* 869 F.Supp. at 1120.

II. The Amended Complaint

A. Motion to Strike the Filed First Amended Complaint

**\*8** The Court first considers (in this order) the WVES defendants' motion (Docket No. 21) to strike the Amended Complaint (Docket No. 20) and plaintiff's motion for leave to amend the Complaint (Docket No. 31) because, if leave to amend is granted or the motion to strike fails, the Amended Complaint supercedes the original pleading the subject of the pending dismissal motions, *see Washer v. Bullitt,* 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884); *Express Cos., supra,* 2010 U .S. Dist. LEXIS 64104, 2010 WL 2574213 and renders moot those pending motions to dismiss (Docket No.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

31, Pl. Atty. Affirm. of July 16, 2010, ¶ 4), *see, e.g., Sanchez v. GMAC Mortgage, LLC,* No. 2:09CV3341, 2010 U .S. Dist. LEXIS 12358, at \*2, 2010 WL 520881 (E.D.Cal.2010); *Banks v. Realty Mgmt. Serv., Inc.,* No. 1:10CV 14, 2010 U.S. Dist. LEXIS 7501, at \*4-5, 2010 WL 420037 (E.D.Va. Jan. 29, 2010). Also plaintiff seeks leave to file the same Amended Complaint he tried to file as of right (*compare* Docket No. 20 *with* Docket No. 31); if defendants' motion to strike is denied, then plaintiff's motion for leave to amend becomes academic.

Upon its filing, this Court initially indicated that the Amended Complaint should be stricken since there it was filed without a motion for leave to amend (*see* 1st text docket entry, June 21, 2010), *cf.* Fed.R.Civ.P. 15(a)(2), without recognizing that plaintiff was filing the amendment as of matter or course, *see Dominion Health Care Servs. v. Value Options,* No. 1:08CV134, 2009 U.S. Dist. LEXIS 17719, at \*5, 2009 WL 580326 (M.D.N.C., Mar. 5, 2009) (if action involves more than one defendant, plaintiff may amend complaint once as matter of course for those defendants who have not yet filed a responsive pleading); *Scott-Blanton v. Universal City Studios Prods.,* 244 F.R.D. 67, 69 (D.D.C.2007) (Docket No. 19, Pl. Atty. Affirm. ¶¶ 5, 6); *cf.* Fed.R.Civ.P. 15(a)(1). The Clerk of Court then noted that this striking should be disregarded (*see* 2d text docket entry, June 21, 2010).

The WVES defendants now move to strike the Amended Complaint and argue, first, that the amendment is untimely under Rule 15(a)(1) (B) (Docket No. 21).

Plaintiff initially argued that he has the right to amend as a matter of course because WVES and Pritchard had not yet answered (*see* Docket No. 19, Pl. Atty. Affirm. ¶ 4). But under the amended Rule 15(a), the service of a Rule 12 motion (while not a pleading) also starts the time for plaintiff to file an amendment, *Galustian v. Peter,* 591 F.3d 724, 730 n. 4 (4th Cir.2010) (while applying earlier version of Rule 15(a) and deeming motion not to be responsive pleading to preclude amended pleadings, court recognizes amendment to rule); *Montz v. Pilgrims Films & TV, Inc.,* No. 08-56954,2010 U.S.App. LEXIS 11255, at \*13 n. 1, 2010 WL 2197421 (9th Cir. June 3, 2010). Under the former version of Rule 15, the timing of an amendment as a matter of course was determined by when (if ever) a responsive pleading was served, *cf.* Fed.R.Civ.P. 15(a)(1) (effective until Dec. 1, 2009); thus, plaintiff could point to the fact that the WVES defendants had

not served an Answer to justify his amendment as a matter of course (citing cases that predate the 2009 amendments to the Federal Rules). But with these 2009 amendments to the Federal Rules of Civil Procedure (primarily to adjust the timing for filing and serving papers), the time when Rule 12 dispositive motions are served also determines whether a plaintiff filed a timely matter of course amendment.

**\*9** Courts addressing this amended Rule 15 have recognized the change in how to measure when a plaintiff can amend a complaint in the face of pending motions to dismiss. In *Sanchez v. GMAC Mortgage, LLC,* No. 2:09CV3341, 2010 U.S. Dist. LEXIS 12358, at \*1-2, 2010 WL 520881 (E.D.Cal.2010), the defendant there moved to dismiss under Rule 12(b)(6) and (f), on December 7, 2009. Under the current version of Rule 15(a)(1)(B), plaintiff had until December 28, 2009, in order to file an Amended Complaint as a matter of course. The district court then held that plaintiff failed to file an amendment and any amendment to the pleadings after December 28, 2009, would require leave of the Court and would not moot defendant's motion, *id,* at \*2. The court granted defendant's motion to dismiss but granted plaintiff leave to amend, *id.*

In *Rubin v. Kaiser Foundation Health Plan, Inc.,* No. 10CV407, 2010 U.S. Dist. LEXIS 51108 (S.D.Cal. May 24, 2010), the defendant filed its motion to dismiss under Rule 12(b)(6) on March 15, 2010. Plaintiff did not file opposition but instead filed a notice of non-opposition stating his intention to file an Amended Complaint. Plaintiff filed the amendment on May 10, 2010. The district court found that the last day for an amended pleading as a matter of course was April 5, 2010, deemed plaintiff's Amended Complaint to be untimely and ordered plaintiff to show cause why the pleading should not be stricken. *Id.* at \*1-2. Plaintiff then sought an enlargement of time to amend and the court found that he established good cause and excusable neglect sufficient to grant that enlargement, *id.* at \*4, but the court found that the amendment did not address the issues raised in defendant's motion so the amendment was rejected and plaintiff was granted 21 days to either oppose the motion to dismiss or to amend the Complaint and address the issues raised in the pending motion, *id.*

In his motion for extension of time to reply to the motions to dismiss (Docket No. 29), plaintiff recognized the change in Rule 15 and argued that the motion to dismiss by the County

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

defendants dated May 27, 2010, was the start of his 21 days in which he could amend the Complaint as a matter of course (*id.,* Pl. Atty. Affirm.¶¶ 2, 3, 4), which ended on June 17, 2010, and that his filed amendment of June 18, 2010, was merely one day late (*id.* ¶ 5). But the amended Rule 15(a)(1)(B) has this period run from the *earlier* action by defendants (either filing an Answer or moving to dismiss under Rule 12(b), (e), or (f)). In summary, the pleadings and dispositive motions were filed as follows:

| Pleading or Motion | Date Filed, Docket Number |
|---|---|
| Complaint | Filed March 12, 2010 (Docket No. 1) |
| Answers by Cattaraugus County Sheriff's Office, Richard Love, Bryan Schwabenbauer ("County defendants") | Filed April 2, 2010 (Docket Nos. 2-4) |
| WVES, Pritchard's ("WVES defendants") Motion to Dismiss | Filed April 30, 2010 (Docket No. 10) |
| County defendants' Motion to Dismiss | Filed May 27, 2010 (Docket No. 16) |
| Amended Complaint | Filed June 18, 2010 (Docket No. 20) |
| County defendants' Answer to Amended Complaint | Filed July 1, 2010 (Docket No. 28) |

**\*10** Thus, under the amended Rule 15, the earliest defense action after plaintiff filed his original Complaint was service of the Answers by the County defendants on April 2, 2010 (Docket Nos. 2-4). Plaintiff thus had 21 days from April 2, 2010, or by **April 23,** 2010, to file an Amended Complaint as a matter of course, and not the later date plaintiff now contends. As a result, any amendment of pleading after that date has to be by leave of the Court, Fed.R.Civ.P. 15(a)(2); *Sanchez, supra,* 2010 U.S. Dist. LEXIS 12358 at \*2, 2010 WL 520881. The motions by the WVES defendants (Docket No. 10, filed April 30, 2010) and the County defendants to dismiss (Docket No. 16, filed May 27, 2010) do not toll or extend plaintiff's time to file an Amended Complaint as a matter of course under the current Rule 15(a)(1)(B).

Plaintiff filed his Amended Complaint on June 18, 2010, and his attempted amendment is **untimely as filed as a matter of course,** not by one day as he claims (Docket No. 29, Pl.

Atty. Affirm. ¶ 4), but by almost two months from the April 23, 2010, deadline under amended Rule 15. Plaintiff essentially concedes this by filing his present motion (discussed below) for leave to amend. Therefore, the *filed* amended pleading (Docket No. 20) **is stricken as to all defendants,** the WVES defendants' motion to strike (Docket No. 21) is **granted,** and the County defendants' Answer to this First Amended Complaint (Docket No. 28) also **is stricken as unnecessary** given the disposition of the filed Amended Complaint.

B. Leave to Amend the Complaint

Plaintiff now moves for leave to amend the Complaint (Docket No. 31), seeking leave to file the same amended pleading he tried file as of right. The issue becomes whether liberal leave to amend should be granted or denied here. Plaintiff reiterates his arguments opposing dismissal of this action and his substantive contentions in support of granting

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

leave to amend the Complaint. The WVES defendants argue that the amendment is futile and (for the same reasons raised with the initial pleading) amendment fails to join what these defendants believe to be a necessary party, The Krog Corporation. The Court will consider next the failure to join argument.

1. Joinder of The Krog Corporation

The WVES defendants claim that The Krog Corporation is an essential party that plaintiff failed to name, hence the action should be dismissed. The Amended Complaint attempts to address this by deleting language that would have suggested the necessity of naming The Krog Corporation as a defendant. Plaintiff argues that his claim stems from private parties, the WVES defendants acting in concert with the County defendants to prevent plaintiff from entering the AOC and hence severing plaintiff's contractual relationship with The Krog Corporation. He disclaims any interest against The Krog Corporation and concludes that naming them under the Amended Complaint is unnecessary and dismissal for failing to do so unwarranted. (Docket No. 31, Pl. Opp'n & Leave to Amend Memo. at 6-7.) He discusses *Bacquie v. City of New York*, No. 99 Civ. 10951, 2000 U.S. Dist. LEXIS 10606, at *3, 2000 WL 1051904 (S.D.N.Y. July 31, 2000), as an example of private actors (hotel operators) acting in concert with state actors (city police) in having the plaintiffs removed from the premises in violation of their rights to such a degree as to establish a § 1983 cause of action against the private actors. Plaintiff here concludes that the Amended Complaint alleges such action in concert to state a § 1983 claim that is not futile (*id.* at 4-5, 7-8, discussing *McGrath v. Dominican College*, 672 F.Supp.2d 477 (S.D.N.Y.2009)).

*11 The WVES defendants respond that plaintiff fails to sue the only entity with which he has a contractual relationship, The Krog Corporation, which somehow makes that corporation a necessary party in this action (Docket No. 37, WVES Defs. Memo. at 10).

Rather than dismiss an action for failure to initially name a necessary or indispensable party, courts usually allow for that party to be joined, only dismissing cases where joining that indispensable party is impossible, *see* 2 *Moore's Federal Practice-Civil* § 12.35 (2010). Here, the WVES defendants have not shown either that The Krog Corporation is a necessary or indispensable party and it is not clear that (if necessary or indispensable) joinder of The Krog Corporation

is impossible. Plaintiff claims constitutional violations and interference with a contractual relationship which may not need to have as a party (as opposed to being a witness) the entity plaintiff contracted with and whose relationship defendants alleged interfered with or deprived plaintiff of property interest. The WVES defendants' argument is that *plaintiff* has a claim against The Krog Corporation that needs to be adjudicated in this action or defendants would be prejudiced. That is not the case here. If these defendants have a claim against The Krog Corporation, they could name them in a third-party action or commence a separate action against that corporation. Thus, plaintiff's proposed amendment is **not futile** because it fails to name The Krog Corporation as a party.

2. Color of State Law

As amended, the gravamen of plaintiff's § 1983 claims against the WVES defendants is that they acted in concert with state actions to violate his rights. Plaintiff notes that defendant Love wore two hats in this matter, as a Sheriff's Department employee and as security at WVES (*id.* at 7).

The proposed amendment, however, alleges generally that the WVES defendants acted in concert with the County defendants to deprive plaintiff of his rights (*see* Docket No. 31, Proposed Am. Compl. ¶¶ 73-77), without showing how these defendants acted in concert. As was previously found by this Court,

"In order to establish a § 1983 conspiracy claim, a plaintiff must demonstrate: (1) an agreement existed between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury on him; and (2) 'an overt act [was] done in furtherance of that goal causing damages.' *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2d Cir.2005) ("conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983"); *Headley v. Fisher*, 2008 WL 1990771 (S.D.N.Y.2008)."

*Tafari v. Paul*, No. 06CV603, Docket No. 52, 2009 WL 3260075, at *5 n. 6 (W.D.N.Y. Oct.8, 2009) (Scott, Mag. J.). This Court then noted that " '[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed,' " *id.*, quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977); citing also, *e.g.*, *Allah v. Poole*, 506 F.Supp.2d 174

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3369604 (W.D.N.Y.)

(Cite as: 2010 WL 3369604 (W.D.N.Y.))

(W.D.N.Y.2007) (conclusory allegations insufficient to maintain of conspiracy of defendants to retaliate against plaintiff). In *Tafari,* this Court held that plaintiff failed to allege a conspiracy claim because that claim was supported only by plaintiff's conclusory allegations without any evidence of concerted activity by defendants, *id.*

**\*12** Here, plaintiff now alleges that defendants had a memorandum of understanding whereby the County defendants (through the Sheriff's department) provided "law enforcement support" for various facilities including the AOC (*see* Docket No. 31, Proposed Am. Compl. ¶ 75; Docket No. 31, Ex. A). Assuming that the Court can consider this memorandum regarding the motion to amend the Complaint, that document is between the Sheriff's department and the West Valley Demonstration Project, not between any of the individual defendants in this action. The purpose of that memorandum was for the Sheriff's department to "provide timely and effective response to the [West Valley Demonstration Project, or "WVDP"], AOC and the [State-Licensed Disposal Area] to an emergency situation or request for protective services in response to threats, suspected criminal acts, special assistance support, or another incident at WVDP" (*id.,* Ex. A, para.5). The responsibilities under that memorandum are directed toward the Sheriff's department and provision for coordination during an emergency (*id.* Ex. A, paras .7-14). Nothing in this memorandum supports the concerted effort plaintiff now alleges occurred between the WVES defendants and the County defendants. Plaintiff's proposed amendment is futile and leave to file it is **denied.**

III. Results

With this consideration of plaintiff's Amended Complaint and denying him leave to amend, defendants' motions to dismiss the original Complaint (Docket Nos. 10, 16) and the WVES defendants' motion to dismiss the pending crossclaims (Docket No. 33) remain for disposition and will be considered in a separate Report & Recommendation.

**CONCLUSION**

Based upon the above, the motion of defendants West Valley Environmental Services, LLC, and David Pritchard (Docket No. 21) to strike the Amended Complaint (Docket No. 20) is **granted.** Plaintiff's motion for leave to file an Amended Complaint (Docket No. 31) is **denied.**

In light of this Order, **defendants' pending motions to dismiss the original pleadings against them (Docket Nos. 10, 16, 33)** will be considered in a separate Report & Recommendation.

SO ORDERED.

W.D.N.Y.,2010.

Brown v. West Valley Environmental Services, LLC
Slip Copy, 2010 WL 3369604 (W.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.