UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
SELAM SELAH,

                    Plaintiff,                  9:09-CV-1363
                                                                  (GLS/DEP)

           v.

BRIAN FISCHER et al.,

                    Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Selam Selah
Pro Se
08-B-2266
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    CHRISTOPHER W. HALL, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Selam Selah commenced this action against

defendants Brian Fischer, Abuna Foxe, Fr. Mantzouris, Morris, Bellamy, Taylor, Deacon Killian, and the New York State Department of Correctional Services (DOCCS), pursuant to 42 U.S.C. § 1983, alleging deprivation of his First Amendment rights under the United States Constitution and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1] (Am. Compl., Dkt. No. 84.)[2] Defendants moved for the entry of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[3]

In a Report-Recommendation and Order (R&R) filed August 2, 2013, Magistrate Judge David E. Peebles recommended that defendants'

---

[1] *See* 42 U.S.C. § 2000cc-2000cc-5.

[2] Specifically, Selah, as an Ethiopian Orthodox Christian, alleges that defendants have failed to accommodate his religious beliefs and permit him to practice his chosen religion. (*See generally* Am. Compl.)

[3] In lieu of an answer, defendants filed a motion to dismiss Selah's original complaint. (Dkt. No. 49). That motion was denied in a Report-Recommendation by Judge Peebles, (Dkt. No. 64), and then rendered moot after this court granted Selah's motion to amend his complaint, (Dkt. No. 82). Defendants then filed a motion to dismiss Selah's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), (Dkt. No. 111), which was granted to the extent that DOCCS was dismissed, but otherwise was denied, (Dkt. Nos. 125, 126). The entire basis for defendants' current motion pursuant to F. R. Civ. P. 12(c) is that Selah failed to plead the personal involvement of each named defendant. (Dkt. No. 136, Attach. 1 at 5-8.)

2

motion be denied with respect to Fischer, Morris, Foxe, Taylor, and Killian, and granted with respect to Mantzouris, Bellamy, and Leonard.[4] (Dkt. No. 165.)[5] Thereafter, defendants and Selah filed timely objections. (Dkt. Nos. 168, 173, 174, 175.)[6] For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those

---

[4] The court notes that, prior to the filing of the R&R, Selah filed two letter-motions requesting injunctive relief, (Dkt. Nos. 155, 159, 164), which defendants have opposed, (Dkt. Nos. 156, 162). These additional motions will be addressed by the court in a separate decision.

[5] The Clerk is directed to append the R&R to this decision; familiarity therewith is presumed.

[6] Selah filed what appear to be three separate objections to the R&R. (Dkt. Nos. 173, 174, 175.) The court will consider all three filings and refer to them collectively as "Selah's Objections."

cases where no party has filed an objection, only vague or general objections are filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.[7] *See id.* at *4-5.

### III. Discussion

The court addresses defendants' objections and Selah's Objections in turn.

### A. Defendants' Objections

Defendants have filed specific objections, thus the court will conduct a *de novo* review. All of defendants' objections are based on personal involvement. First, defendants argue that Fischer, Foxe, and Morris were not personally involved because Selah failed to identify the discriminatory religious policies, or specify the misconduct of each defendant, the date or approximate date of the misconduct, where the misconduct occurred, or the nexus between the misconduct and Selah's alleged injuries. (Dkt. No.

---

[7] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

4

168 at 1-3.) Second, defendants argue that Killian was not personally involved because he "did not make any decisions himself regarding [Selah's] requests for religious accommodations," and, instead, "acted as a messenger for [Selah's] religious requests." (*Id.* at 4.) Third, defendants argue that Taylor was not personally involved by virtue of his receipt of, and failure to respond to, Selah's grievances and that Judge Peebles erred in relying on *Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013). (*Id.* at 5-6.)

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).[8] Thus, supervisory officials may not be held liable merely because they held a position of authority. *Id.* However, supervisory personnel may be considered "personally involved" if:

---

[8] Personal involvement is also a prerequisite to a defendant's liability under RLUIPA. *Loccenitt v. City of N.Y.*, No. 12-civ-948, 2013 WL 1091313, at *5 (S.D.N.Y. Mar. 15, 2013) (citing *Joseph v. Fischer*, No. 08-civ-2824, 2009 WL 3321011, at *18 (S.D.N.Y. Oct. 8, 2009). Accordingly, the court discusses Selah's Section 1983 and RLUIPA claims together.

5

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

### 1. Fischer, Foxe, and Morris

Selah adequately pleaded personal involvement of Fischer, Foxe, and Morris. The amended complaint states that Foxe was personally involved because she "assisted defendants Fischer and Morris in creating the policies and regulations allegedly responsible for violating plaintiff's rights when they consulted with her." (Am. Compl. ¶ 31.) The amended complaint further states that Fischer and Morris "consulted with and relied on . . . Abuna Foxe to assist in authoring and promulgating [DOCCS] rules, directives, regulations and policies concerning . . . [the Ethiopian Orthodox Christian] [religion]," which "the Defendants . . . have used to

6

subject [Selah] . . . to religious discrimination and deprivations." (*Id.*)

Consistent with *Colon*, 58 F.3d at 873, Selah's amended complaint can be construed to allege that Fischer, Foxe, and Morris are responsible for promulgating policies that infringe upon Selah's right to practice his chosen religion.[9] This reading of the amended complaint is also consistent with the court's duty to liberally construe a *pro se* plaintiff's pleading, particularly at this early juncture. *Gould* v. *Russi*, 830 F. Supp. 139, 142 (N.D.N.Y. 1993). Accordingly, defendants' motion is denied with respect to Fischer, Foxe, and Morris.

    2.    *Killian*

Selah also adequately pleaded personal involvement of Killian. Specifically, Selah contends that Killian was personally involved because he failed to afford Selah "meaningful or effective relief and redress to his

---

[9] Specifically, Selah alleges the policies prevent him from: (1) possessing and displaying head gear, a prayer shawl, a prayer girdle, a prayer rug, and other appropriate religious attire and artifacts; (2) observing and commemorating holy days; (3) participating in congregate religious services and education; (4) eating meals consistent with old testament dietary laws; (5) wearing beards and dreadlocks or braids; and (6) being exempt from work on Saturdays and Sundays. (*See generally* Am. Compl.)

requests" for religious accommodations and did not "resolve the grievances and complaints about the religious discrimination addressed to [Killian]." (Am. Compl. ¶ 32.) Further, Selah included a DOCCS job description for a chaplain, in his opposition, which indicates that chaplains are responsible "for meeting the needs of inmates who ascribe to less well-known religious faiths." (Dkt. No. 143, Attach. 1 at 2.) Additionally, Selah submitted evidence that Killian received and responded to his requests for accommodations. Also, Selah was instructed to communicate his requests to Killian directly. (Dkt. No. 146 at 8.)

In their objections, defendants argue that Killian lacked the authority to remedy the alleged constitutional violations. (Dkt. No. 168 at 4.) This, however, appears to be a question of fact. (*See* Dkt. No. 143, Attach. 1 at 2.) At this juncture, discovery and further development of the record are necessary. Consequently, Selah's allegations against Killian are sufficient to show personal involvement. Accordingly, defendants' motion is denied with respect to Killian.

*3. Taylor*

Finally, Selah adequately pleaded personal involvement of Taylor.

8

Specifically, Selah alleged that Taylor was personally involved because he did not afford Selah "any meaningful or effective relief and redress to his requests for religious accom[m]odations" or "assist [him] to resolve the grievances and complaints about the religious discrimination addressed to [him]." (Am. Compl. at ¶ 32.) In light of the Second Circuit's recent decision in *Grullon*, as Judge Peebles stated, Selah's allegation that Taylor did not respond to the grievances and complaints that Selah sent to him was sufficient to satisfy the personal involvement pleading requirement. (R&R at 19.)[10]

Defendants argue that Judge Peebles' reading and application of *Grullon* was incorrect for two reasons. (Dkt. No. 168 at 5-6.) First, defendants argue that the amended complaint "does not allege [that] plaintiff sent Taylor anything, let alone when and how." (*Id.* at 6.) This

---

[10] In *Grullon*, the Second Circuit held that, "[a]t the pleading stage, even if [the plaintiff] had no knowledge or information as to what became of his Letter after he sent it, he would be entitled to have the court draw the reasonable inference—if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means—that the Warden in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [the plaintiff] complained." *Grullon*, 720 F.3d at 141.

9

objection is without merit.  Given the liberal pleading standard afforded to a *pro se* plaintiff, Selah is entitled to have the court "draw the reasonable inference . . . that [Taylor] in fact received the [grievance], read it, and thereby became aware of the alleged conditions of which [Selah] complained."  *Grullon*, 720 F.3d at 141.  Thus, defendants' objection fails.

Second, defendants contend that post-*Grullon* case law mandates a dismissal of the amended complaint.  (Dkt. No. 168 at 6.)  Defendants point the court to *Liner v. Fischer*, No. 11-civ-6711, 2013 WL 4405539 (S.D.N.Y. Aug. 7, 2013).  In *Liner*, however, the defendant was dismissed because the plaintiff sent a letter to the defendant before the plaintiff's claims even arose.  *Id.* at *4.  Defendants also cite *Eldridge v. Williams*, No. 10-civ-0423, 2013 WL 4005499 (S.D.N.Y. July 30, 2013), but *Eldridge* was decided on a motion for summary judgment, after the defendants submitted evidence that they lacked the authority to remedy any of the alleged violations.  *Id.* at *5-6.  Accordingly, Selah has, at this stage, satisfied the personal involvement pleading requirement and defendants' motion is denied with respect to Taylor.

**B.    Selah's Objections**

Selah's objections are general in part and specific in part, thus the review will be for clear error and/or *de novo* review where appropriate. (Dkt. Nos. 173, 174, 175.) First, Selah appears to object generally to Judge Peebles' conclusion that Selah's allegations against defendants as a group are insufficient. (Dkt. No. 173 at 3; Dkt. No. 175 at 1.) This objection is a repeat of his previous arguments. (Dkt. No. 175 at 1; 173 at 4.)[11] Having reviewed the R&R for clear error, and finding none, this objection is without merit.

Second, Selah, for the first time, offers additional facts about Bellamy, Leondard, and Mantzouris, and argues that Judge Peebles improperly dismissed them. (Dkt. No. 173 at 1-3.) This "objection," while specific, is insufficient to compel *de novo* review. These new facts include specifics about Bellamy, Leonard, and Mantzouris' involvement in the grievance process, and how they "played a role in reviewing and

---

[11] In his objections, Selah states that "[a]t the core of [his] case is the complaint and argument, that [defendants] have all acted together to refuse to accept that" he has the right to practice the religion of his choosing. (Dkt. No. 173 at 4.) As discussed, Selah already raised these arguments. (*See generally* Compl.; Dkt. No. 143 at 3-8.)

11

responding to [Selah's] grivance[s]." (Dkt. No. 173 at 3.)[12]  As mentioned, these facts were not pleaded in Selah's amended complaint or mentioned in his oppositions to defendants' motion for judgment on the pleadings. (Dkt. Nos. 143, 146.)  "Generally, courts do not consider such 'new arguments' or 'new evidence' 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not,'" and this court declines to do so here.  *Chalsani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 (E.D.N.Y. Sept. 26, 2011) (quoting *Illis v. Artus*, No. 06-civ-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)).  Thus, Selah's objection is without merit. Accordingly, the R&R is adopted with respect to Bellamy, Leonard, and Mantzouris.

## IV. **Conclusion**

---

[12] Selah also states that Bellamy was personally involved because she "signs the CORC Decisions," (Dkt. No. 174 at 1), that Mantzouris was personally involved because he "participated in the drafting of the CORC decisions, and that [he] was responsible for the enforcement of such policy of religious discrimination carried out (and still being followed and carried out) against [Selah]," (Dkt. No. 173 at 3), and that Leonard was personally involved because he "supervised Defendant Mantzouris to carry out the religious discrimination and violations of [Selah's] religious rights," (*id.*).

12

Having reviewed the remainder of the R&R for clear error, the court finds no error and therefore adopts that remaining portion of the R&R.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' August 2, 2013 Report-Recommendation and Order (Dkt. No. 165) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for judgment on the pleadings (Dkt. No. 136) is **GRANTED** in part, and **DENIED** in part as follows:

> **GRANTED** to the extent that Selah's claims against defendants Mantzouris, Bellamy, and Leonard are **DISMISSED**, without leave to replead; and
>
> **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 11, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court